MAUD N. WILSON AND LILLIE N. McCUSKER, EXECUTRICES, ESTATE OF HENRY TEMPLE NEWELL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21333.     Promulgated March 2, 1927.

Return was made of estate tax and the tax paid; deficiency taxes were thereafter assessed and paid; a portion of the latter taxes was subsequently refunded by the Commissioner; the refunding of the tax reduced the sum of the taxes returned and the taxes paid to an amount less than that asserted by the Commissioner to be the true tax liability; the result was the determination of a deficiency and a notice of such determination constitutes a statutory notice from which an appeal lies to the Board. *Fanny Newman* v. *Commissioner*, 6 B. T. A. 373.

*W. F. Gibbs, Esq.,* for the respondent.

Hearing on respondent's motion to dismiss for lack of jurisdiction in the Board.

#### FINDINGS OF FACT.

The petitioners are the executrices of the estate of Henry Temple Newell, who died testate on June 19, 1920, a resident of the State of California. The estate tax on the transfer of said decedent's net estate was due June 19, 1921.

Within one year after the death of decendent, to wit, on June 18, 1921, petitioners filed an estate-tax return for the estate of the decedent, with the collector of the sixth district of California, and paid the tax as shown by said return in the amount of $14,506.51.

Thereafter, the Commissioner determined that there was a deficiency in estate tax due from said estate and assessed such deficiency. This assessment was abated by the Commissioner in the amount of $513.25, and the remaining portion of the assessment in the amount of $2,941.75 was paid by the petitioners. This appears to have been in the year 1922.

Thereafter, the petitioners filed a claim for refund of certain of the taxes paid, on the ground that the value of the wife's interest in certain community property had been erroneously included in the gross estate of the decedent and so taxed by the Commissioner. This claim for refund was received and considered by the Commissioner, and in compliance with said claim the Commissioner, after review and audit of the return, determined that the value of the interest of the wife in the community property should not have been so included in the gross estate of the decedent. Accordingly, adjustments were made by the Commissioner and the claim for refund filed by the petitioners was, on May 20, 1926, allowed and payment of the refund was authorized. In accordance with the said determination and authority of the Commissioner, the refund was paid to the petitioners in the year 1926 in the amount of $12,465.22.

Thereafter, on September 24, 1926, there was forwarded to the petitioners the following notice:

TREASURY DEPARTMENT

OFFICE OF COMMISSIONER OF INTERNAL REVENUE

Washington Sep 24 1926

MT-ET-Cl.-824-ATC
District of 6th California
Estate of Henry Temple Newell
Date of death—June 19, 1920.
Maud N. Wilson, Executrix,
    Estate of Henry Temple Newell,
        1001 Stock Exchange Building,
Los Angeles, California.
Madam:

Reference is made to Bureau letter of November 2, 1922, disclosing the result of a review and audit of the return on Form 706 filed for the above-named

estate. Reference is also made to Bureau letter of March 30, 1923, wherein certain specific adjustments were made and to Bureau letter of May 20, 1926, wherein the tax liability was adjusted on the basis of the allowance of the interest of the widow in decedent's community property and a refund authorized therein amounting to $12,465.22.

In view of the decision of the United States Supreme Court in the case of United States vs. Reuel D. Robbins, 269 U. S. 315, decided January 4, 1926, and an opinion of the Attorney General of the United States, issued under date of June 24, 1926 (Treasury Decision 3891) it now appears that such allowance was erroneous. Accordingly, the estate tax return has been reexamined, and the tax due from this estate is therefore redetermined by including the entire value of the community property as a part of the gross estate of this decedent.

Accordingly, the gross estate as redetermined is $571,733.32, the deductions $55,945.67, and the net estate $515,787.65, the tax upon the transfer of which is $17,447.26. The following is a statement of the tax liability as redetermined:

| | | |
|---|--:|--:|
| Correct amount of tax | | $17,447.26 |
| Tax assessed on return | $14,506.51 | |
| Additional tax assessed | 3,454.00 | |
| Tax abated | 513.25 | |
| Total tax paid | $17,447.26 | |
| Tax refunded | 12,465.22 | |
| Tax discharged | | 4,982.04 |
| Tax liability | | $12,465.22 |

The tax liability of $12,465.22 bears interest at the rate of six per centum per annum from June 19, 1921, until payment is received by the collector. Upon payment of the above amount to the Collector, together with interest, the records of the Bureau relating to this case will be closed.

Respectfully

BGC

(Signed)    R. M. ESTES
                      *Deputy Commissioner.*

The petitioners filed their petition with the Board on November 17, 1926.

### OPINION.

KORNER, *Chairman:* The facts disclosed by this record are on all fours with those set out in the findings of fact in the case of *Fanny Newman* v. *Commissioner*, 6 B. T. A. 373, decided this day. The decision in that case is determinative of the issues here.

*Motion denied. Sixty days from date allowed for answer.*