FANNY NEWMAN AND MAY N. ROSENBLATT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21295. Promulgated March 2, 1927.

Return was made of estate tax and the tax paid; deficiency taxes were thereafter assessed and paid; a portion of the latter taxes was subsequently refunded by the Commissioner; the refunding of the tax reduced the sum of the taxes returned and the taxes paid to an amount less than that asserted by the Commissioner to be the true tax liability; the result was the determination of a deficiency and a notice of such determination constitutes a statutory notice from which an appeal lies to the Board.

*Lowndes C. Connally, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

Hearing on respondent's motion to dismiss for lack of jurisdiction in the Board.

### FINDINGS OF FACT.

The petitioners are residuary legatees of the estate of Sigmund Joseph Newman, who died July 13, 1917. The estate tax on the transfer of said decedent's net estate was due July 13, 1918.

An estate-tax return was filed for the estate of the decedent, and in such return the entire value of certain community property was included in the gross estate. This return was filed on or about July 13, 1918, and showed a tax of $19,975.55. Taxes in the amount of $19,975.55 were paid on said return on December 19, 1918.

Thereafter, the Commissioner determined an additional estate tax to be due as a deficiency in the amount of $1,720.64. This amount was assessed and, on May 8, 1919, was paid. Thereafter, on March 5, 1920, there was paid certain interest in the amount of $41.50. Again, and in the year 1920, the Commissioner determined a further additional tax to be due as a deficiency in the amount of $7,602.48. This amount was assessed and, on March 27, 1920, was paid. The amount of estate taxes so paid was $29,298.67 which, together with $41.50 interest, made a total sum paid of $29,340.67.

In the month of March, 1924, a claim for refund of certain of the taxes so paid was filed with the Commissioner on the ground that the value of the wife's interest in certain community property had been erroneously included in decedent's gross estate and taxed by the Commissioner. This claim for refund was received and considered by the Commissioner, and in compliance with said claim, the Commissioner determined that the value of the separate estate of the decedent was, for purposes of estate tax, $93,644.44, and that the one-half interest of the decedent in the community property was, for purposes of estate tax, $278,421.69. All of the property was situate in the State of California.

As a result of his determination set out above, the Commissioner allowed the claim for refund and, on October 24, 1925, authorized a refund of estate taxes in the amount of $7,643.98. The amount of the refund so allowed and authorized was paid on or about the date of October 24, 1925.

Thereafter, on September 16, 1926, there was forwarded to the petitioners the following notice:

TREASURY DEPARTMENT

OFFICE OF COMMISSIONER OF INTERNAL REVENUE

*Washington Sept 16 1926*

MT-ET-616-Cl.-CLMcC

District of First California

Estate of Sigmund Joseph Newman

Date of death—July 13, 1917

Unpaid tax $5,881.84

Fanny Newman, et al., Residuary Legatees,

Estate of Sigmund Joseph Newman,

c/o Lowndes C. Connally, Esq.,

724 Colorado Building,

Washington, D. C.

Mesdames:

Reference is made to the above-named estate and to Bureau letter of October 24, 1925, addressed to Lowndes C. Connally, Attorney-in-Fact, authorizing a refund of tax amounting to $7,643.98. The entire value of the community property was included in the gross estate of this decedent upon which tax was paid, and tax was refunded in the amount above stated on account of the elimination of the value of the wife's community interest in the estate.

In view of the decision of the United States Supreme Court in the case of the United States v. Robbins, 269 U. S. 315, rendered January 4, 1926, and an opinion of the Attorney General of the United States issued June 24, 1926 (Treasury Decision 3891), the Bureau has redetermined the tax in this estate and included the entire value of the community property in the gross estate of this decedent.

As the returned and determined values placed upon the property and the claimed and allowed deductions were fully set forth in Bureau letter of February 28, 1920, a repetition thereof is herein considered unnecessary.

The following tabulation shows the unpaid tax:

| | | |
|---|---|---|
| Gross Estate | | $650,487.81 |
| Deductions | | 102,780.75 |
| Net estate | | $547,707.06 |
| Tax determined herein | | 27,578.03 |
| Tax paid on return | $19,975.55 [Dec. 19, 1918] [1] | |
| Interest paid | 41.40 [Mar. 5, 1920] | |
| Additional tax paid | 1,720.64 [May 8, 1919] | |
| Additional tax paid | 3,801.24 [Mar. 27, 1920] | |
| Additional tax paid | 3,801.24 [Mar. 27, 1920] | |
| Total paid | 29,340.17 | |
| Tax refunded | 7,643.98 [Oct. 25, 1924] | |
| Tax discharged | | 21,696.19 |
| Unpaid tax | | $5,881.84 |

Upon payment of $5,881.84 to the Collector of Internal Revenue at San Francisco, California, the records of the Bureau relating to this estate will be closed.

Respectfully,                                                R. M. ESTES,

MHP                                               *Deputy Commissioner.*

---

[1] Letters and figures appearing in brackets are supplied.

The petitioners filed this proceeding with the Board on November 15, 1926.

Korner, *Chairman:* The petitioners appeal from the notice of September 16, 1926, alleging that it constitutes a notice of a deficiency under the provisions of section 318 (a) of the Revenue Act of 1926. They further contend that since more than five years have elapsed since the due date of the estate tax on the estate of the decedent, the respondent is without power or authority to assess the deficiency asserted in the notice by reason of the provisions of sections 1106 and 1109 of the Revenue Act of 1926.

The respondent contends that the notice of September 16, 1926, was not a notice of deficiency within the meaning of section 318 (a) of the Revenue Act of 1926, and that the Board is without jurisdiction in the premises because there has not been, since the enactment of the Revenue Act of 1926, a determination of a deficiency by the Commissioner. He offered no defense to the petitioners' plea in respect of the statute of limitations.

Two major elements must first be considered: (1) Do the facts give rise to a deficiency as defined by the statute, and (2) does the notice of September 16, 1926, constitute a statutory notice of the determination of the Commissioner of that deficiency?

Section 307 of the Revenue Act of 1926 which is made to apply to the assessment of estate taxes by section 318 (a) of the Revenue Act of 1926, defines a deficiency in estate tax as follows:

SEC. 307. As used in this title in respect of a tax imposed by this title the term " deficiency " means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the executor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax * * *.

The facts set out herein square precisely with the foregoing definition. Let us apply the facts graphically.

(1) Amount imposed_____ $27, 578. 03
(2) Shown on return_____ $19, 975. 55
(3) Increased by amounts assessed or collected_____    9, 364. 62
                                                       _____
                                                         29, 340. 17
(4) Decreased by amount previously refunded_____    7, 643. 98
                                                       _____
                                                                    21, 696. 19
                                                                    _____
        Amount by which (1) exceeds (2) plus (3) minus (4)_____    5, 881. 84

We can find no reasonable predicate for holding that under these circumstances the item of $5,881.84 does not constitute a deficiency within the definition of the statute.

We then come to the second query. If this be a deficiency, was the letter of September 16, 1926, a statutory notice of the Commissioner's determination of it? We are of opinion that it was. The language employed in the notice is most specific in terms. It notifies the petitioners that the Bureau (which must mean the Commissioner) has redetermined the tax in view of a decision of the Supreme Court of the United States and of the opinion of the Attorney General, and that the entire value of the community property has been included by that redetermination in ·the gross estate of the decedent. A letter far less specific and pointed in its terms than the one now under, consideration has been held by the Court of Appeals of the District of Columbia to be a notice of the determination of a deficiency. *Dascomb ex rel. Hilgard Lumber Co.* v. *Board of Tax Appeals*, 16 Fed. (2d) 337. As far as the express language and intendment of the notice of September 16, 1926, is concerned, there can be little doubt that it conveyed to the petitioners a notice of the redetermination of a deficiency.

But the respondent contends that the tax has heretofore been assessed and that the letter of September 16, 1926, can not be considered otherwise than a notice to pay an unliquidated balance on such assessment. 'If it be true that the $5,881.84 is, in fact, under assessment and unpaid, the contention of the respondent would present serious ·difficulties. There is no evidence whatsoever in this record on that point, and this would preclude us from making any finding or passing any comment upon it. Again, we doubt seriously if the method of entering debits and credits in the accounts of the collectors can be binding on the taxpayer as to the correctness of the *method of entry.* If an assessment were made and discharged by payment on the part of the taxpayer, and the payment thus made was subsequently refunded to the taxpayer, it is at least open to grave question whether the assessment is automatically revived in the process. But we do not deem it necessary to decide that point, because we are on sure ground when we conclude that book entries can not change or modify the statute. The statute says that the taxes returned, and the taxes paid as deficiencies, shall be added together and from the sum thereof there shall be subtracted the amounts previously refunded in respect of such tax, and that, to the extent that the remainder is less than the true tax liability, there is a deficiency. Since this is so, then the notice of September 16, 1926, was not a notice to pay an outstanding assessment, but a notification of the determination of a deficiency. We are convinced that the notice in question was precisely that.

The remaining contention of the respondent is that the notice of September 16, 1926, was not signed by the Commissioner and that,

therefore, it does not appear that there has been any determination by the Commissioner within the meaning of the statute. We have observed above that the notice states that " the Bureau has redetermined the tax in this estate." Since only the Commissioner can determine taxes under the statute, the notice can only mean that the Commissioner has so determined the tax. If this be not so, then the taxpayers would be under no obligation to pay the amount noticed in the letter of September 16, 1926, because without a determination, the matter would stand as closed by the authorization of refund and the payment of that refund on October 25, 1924. We must conclude, therefore, that there was a determination by the Commissioner of the taxes here in controversy, and as we have shown, that determination was the determination of a deficiency.

The Board will take judicial notice of the fact that one of the major divisions of the Bureau of Internal Revenue is the Estate Tax Unit, and that a Deputy Commissioner is in charge of that division. We must assume that the Deputy Commissioner was acting regularly and under proper authorization of the Commissioner in this instance, or else be led to the conclusion that the Commissioner could, by the expedient of having notices sent out over the signature of unauthorized persons, defeat the right of appeal given by the statute to the taxpayer. And since deficiencies in tax (except in jeopardy) can be collected only after notice of their determination, we must likewise conclude that the Commissioner has acted regularly and orderly through the Deputy Commissioner—to do otherwise would defeat the collection of the tax, an action we do not attribute to the respondent.

> *Motion denied. Sixty days from date allowed for answer.*