## First Bond & Mortgage Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 40373. Promulgated October 13, 1930.

*Dean G. A. son, Esq.*, for the petitioner.

*A. H. Murray, Esq.*, and *Stanley B. Pierson, Esq.*, for the respondent.

### OPINION.

Murdock: The Commissioner determined deficiencies in the petitioner's income tax for 1924, 1925, and 1926, but, for reasons hereinafter set forth, it will not be necessary to discuss the errors alleged in the petition and the facts relating thereto.

The petitioner was incorporated under the laws of Delaware on November 10, 1919, and was legally dissolved on February 9, 1925. J. I. Van Keuren was at that time made a trustee for the purpose of liquidation of the corporation.

On June 25, 1928, the Commissioner mailed the deficiency notice to the petitioner corporation. On August 21, 1928, more than three years after the corporation was dissolved, this petition was filed with the Board. It was signed by Dean Acheson, as counsel, and verified by J. I. Van Keuren, under date of July 25, 1928, purporting to be the president of the First Bond & Mortage Co. and as such duly authorized to verify the petition. The following allegation appears in this petition and was denied in the answer:

On January 29, 1925 the taxpayer by resolutions of the stockholders voted to wind-up, dissolve and terminate the existence of the corporation. That immediately thereafter it surrendered its charter to the State of Delaware and with-

1

2

drew its privilege for doing business in the State of Michigan and that it ceased to do business and turned its assets over to trustees to liquidate same for the stockholders. * * *

The issue on the merits was as to the propriety of deducting certain organization expenses from income because of the fact that the corporation had dissolved and had commenced liquidation.

The question of the Board's jurisdiction was raised at the hearing and both parties had an opportunity to be heard and to present such evidence as they desired. An opportunity to file briefs was granted, but no briefs were filed. Perhaps the failure to file briefs was due to the fact that counsel were convinced of our lack of jurisdiction.

It has frequently been held that when a corporation is dissolved, it is dead, and any prolongation of its existence, even for purposes of litigation, is entirely dependent upon statutory authority. *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257. The laws of Delaware in effect at the time of the dissolution of this corporation, and under which it was dissolved, provided that all corporations should be continued for three years after dissolution for the purpose of prosecuting and defending suits and winding up their affairs, but not for the purpose of continuing business. The law further provided, that the directors should be trustees to wind up its affairs and to sue and be sued as trustees of such corporation. There was also a provision in the law that the court of chancery, on application, could " continue " the directors as trustees or appoint a receiver at any time when the necessity arose, and for such time as he thought necessary.

At the time the petition in this case was filed, these provisions of the law had been amended to a certain extent. The chapters relating to trustees under dissolution and their powers and liabilities were repealed and it was provided that the corporations should be continued for three years for the purpose of prosecuting and defending suits by or against them and gradually closing their affairs, and in addition, that for the purpose of " any action, suit, or proceeding begun or commenced by or against the corporation prior to " dissolution or begun or commenced by the corporation within three years after dissolution, the corporation should be continued until any judgments, orders, or decrees therein should be fully executed. The new law also provided that on the application of any creditor or stockholder, the court of chancery at any time might either appoint the directors trustees or appoint one or more persons receivers and continue them as such as long as necessary for the purpose of doing any necessary act on the part of the corporation.

The present proceeding was not begun or commenced by or against the corporation prior to its dissolution, nor was it begun or com-

menced by the corporation within three years after the date of its dissolution. Furthermore, it has not been shown that the person or persons who initiated this proceeding were or were not acting, for directors, trustees, or receivers appointed by the court of chancery or that the court of chancery ever continued the powers of any trustees or receivers beyond the three-year period following the dissolution of the corporation. As we stated in *S. Hirsch Distilling Co.*, 14 B. T. A. 1073:

The attempt on the part of one of its former officers to institute a proceeding in its behalf has resulted in nothing since he could not by his own acts raise the dead.

It is incumbent upon a petitioner to allege and prove sufficient facts to show that this Board has jurisdiction of its proceeding. This, the present petitioner has failed to do and the proceeding is dismissed for lack of jurisdiction. *Bisso Ferry Co.*, 8 B. T. A. 1104; *S. Hirsch Distilling Co., supra; Sanborn Bros.*, 14 B. T. A. 1059; *Union Plate & Wire Co.*, 17 B. T. A. 1229; *Louisiana Naval Stores, Inc.*, 18 B. T. A. 533; *Lincoln Tank Co.*, 19 B. T. A. 310.