MARY M. SHEA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61544. Promulgated November 1, 1934.

*Donald V. Hunter, Esq.*, for the petitioner.
*H. D. Thomas, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner sent a notice of deficiency addressed to " Mrs. Mary M. Shea, Trustee, Isabell Shea, et al ", advising that he had determined a deficiency of $6,436.40 for 1929 and a penalty of $1,609.10 for delinquency in failing to file a return. A piece of property in Louisville, Kentucky, had been taken by the Federal Government by condemnation. The owners had been awarded $75,000 for the property taken. The Commissioner used $16,000 as the fair market value of the property on March 1, 1913. He deducted $2,560 on account of depreciation, added $2,000 as expenses of the owners, and computed a profit of $59,560. He held that this gain was taxable to a trust for remaindermen of which Mary M. Shea was trustee. A stipulation of facts has been filed.

The property condemned formerly belonged to Michael Shea, who died in 1897. He devised the real estate in question to Mary M. Shea for life, with remainders in fee to his four daughters. Mary M. Shea, the decedent's widow, and the four daughters survived the decedent. These five persons were of age at all times material hereto. The property was rented and Mary M. Shea, the life tenant, received the income until October 1929, when it was taken by the Federal Government after condemnation proceedings in which Mary M. Shea and her daughters Isabella, Amelda, Elizabeth, and Catherine were defendants. Seventy-five thousand dollars was awarded to these defendants, the owners of the property, as full compensation for the land. A check for $75,000 was delivered by the clerk of the court to the attorney for the defendants, as attorney. He deposited this check in his personal account and then drew checks on December 9, 1929, for $75,000 payable to Mary M. Shea. She deposited the checks in her personal account and in the early part of 1930 purchased bonds and a certificate of deposit with the net amount after deducting $2,061.45 for expenses of the condemnation proceedings. The bonds were marked " Proceeds of the sale of property located at 6th Street and Broadway, North East

514

cor., Mary M. Shea " and placed in the safe-deposit box of Mary M. Shea. The certificate of deposit was issued in the name of Mary M. Shea. Mary M. Shea has collected and used the income from the securities for her own benefit. She received no income from them during 1929.

Mary M. Shea, in her individual capacity, filed a petition with the Board, based upon the notice of deficiency sent to her as a trustee, in which she alleged that she was not a trustee. The Commissioner, before answering, moved to dismiss this proceeding for lack of jurisdiction because the notice was to a fiduciary, whereas an individual had filed the petition. This motion was denied and the proceeding came on for hearing, at which time the jurisdictional question again arose. Mary M. Shea contends that she is not a trustee or fiduciary and is not subject to tax or penalty as such, no taxable income resulted from the condemnation and award, and, if section 161 of the Revenue Act of 1928 imposes the tax, it is unconstitutional. The Commissioner contends that he did not err in computing the profit, in determining the deficiency against the trust, or in holding that the penalty is due. We are convinced, after fully considering the facts, that the Board has no jurisdiction in this proceeding.

The law, including the Revenue Act of 1928, recognizes as separate entities a fiduciary of a trust and the same person acting in his individual capacity. Income and gains of the two are separately taxed. See section 143 and Supplement E. Mary M. Shea, the individual, was a life tenant of her husband's real estate. She was entitled to the use of that property or its equivalent during her life. This case does not involve any question of income to her as a life tenant of that property. It involves only a gain from the disposition of that property. The life tenant was not entitled to that gain and the Commissioner is not attempting to tax that gain to her as an individual. The theory of his determination is that a different person, a legalistic person, a fiduciary, is liable for a tax because a trust which that person represented realized a gain from the disposition of some real estate for $75,000 in cash. Therefore, he sent a notice to this allegedly existent fiduciary. But no such person has petitioned or appeared before the Board. Instead, Mary M. Shea, in her individual capacity, has filed a petition. Not only did she not file it as a fiduciary, but she insists that she is not a fiduciary and has no authority to represent any trust for the benefit of " Isabell Shea, et al." Cf. *Corinne Porter Scruggs, Administratrix,* 29 B. T. A. 1102. Furthermore it appears that the property disposed of was not held in trust and was disposed of, not by a trust, but by the individual owners thereof, so that there is no trust liable

for any tax. The taxability of a gain from the disposition of property for money does not depend in the slightest upon what is done with the money after its receipt.

The Commissioner may not conjure up a taxpayer for the purpose of computing a profit and collecting a tax, and if there is no such fiduciary as was named in the notice of deficiency, his determination will not aid him in collecting. If there was such a taxpayer, that taxpayer has not come before the Board. The person before the Board is an individual who did not receive a notice of deficiency and has no right to file a petition. Sec. 272. The Commissioner seeks no tax from her or her property. The remaindermen have made no move and the Commissioner has not moved against them. Mary M. Shea has not come before the Board as a fiduciary and we can not compel her to do so.

Reviewed by the Board.

> *The proceeding will be dismissed for lack of jurisdiction.*

ADAMS concurs in the result.

ARUNDELL and McMAHON dissent.