MILK BOTTLE EXCHANGE, INC., TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99515.   Promulgated December 6, 1940.

*Jesse I. Miller, Esq.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

OPINION.

ARUNDELL: This proceeding is before us on the motion of counsel for the respondent for leave to file an amended answer. The motion is resisted by the petitioner.

The deficiency notice on which the proceeding is founded is addressed to the Milk Bottle Exchange, Inc., and proposes the assessment of income and profits taxes and penalties as transferee of assets of the Central Indiana Milk Dealers Bottle Exchange, Inc. A petition was timely filed alleging error in the respondent's determination in several respects. Counsel for the respondent answered, denying error and alleging facts designed to sustain his determination of transferee liability. Reply thereto was filed by counsel for the petitioner. On April 10, 1940, counsel for the respondent moved for leave to file an amended answer and tendered therewith the proposed amended answer. The motion alleges in part:

A further investigation by respondent of the facts indicates the conclusion that petitioner is not a transferee of Central Indiana Milk Dealers Bottle Exchange, Inc., but is the same corporate entity as Central Indiana Milk Dealers Bottle Exchange, Inc., with merely a change in name. The proposed amended answer * * * contains allegations in accordance with re-

spondent's present understanding of the facts, from which the above conclusion is drawn. Due to uncertainty as to the effect of said facts, however, the proposed amended answer * * * in the alternative, pleads additional facts upon which liability of petitioner as a transferee may be based.

By the proposed amendment the respondent seeks to sustain deficiencies determined for the fiscal years October 31, 1932, 1933, 1935, and 1936, as liabilities of the petitioner either as a taxpayer or a transferee. Stated otherwise, the respondent, having determined transferee liability, now seeks to convert the proceeding instituted on his notice of determination into a proceeding against the original taxpayer by an amendment of the pleadings.

The pleadings in the case contain no facts as to the operation of the statute of limitations. However, on brief counsel for the respondent asserts that returns for all years were filed on June 4, 1937. This being so, the period for assessment for the years 1932 and 1933 terminated on June 4, 1939, which was some ten months before the respondent moved to amend. As to the other two years, 1935 and 1936, the statutory period for assessment is three years and did not expire before June 4, 1940—after the motion for leave to amend was filed.

The procedure for collection of deficiencies in the case of a taxpayer is provided for in section 272 of the Revenue Acts of 1932, 1934, and 1936. The procedure for enforcing the liability of a transferee is prescribed by section 311 of the same statutes. The provisions of these sections are well known and do not need detailed repetition here. It is enough for present purposes to point out that section 311 provides that the liability of a transferee shall "be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in tax * * *." This provision does not merge a tax liability and a transferee liability, nor does it make one proceeding cover both liabilities. When transferee proceedings were first brought within the jurisdiction of the Board by the Revenue Act of 1926, the conference report said that the transferee section (280) "makes the procedure for the collection of the amount of the liability of transferees *conform to* the procedure for the collection of taxes * * * for procedural purposes the transferee is treated *as a taxpayer would be treated.*"[1] (Italics added.) Construing the procedural provisions of the Revenue Act of 1926 relating to taxpayers and transferees in *Edward Michael*, 22 B. T. A. 639, we said:

* * * There is nothing which would lead to the belief that Congress intended that in one proceeding there must be determined not only the amount of the tax due from the taxpayer for the year involved, but also the amount for which he might be liable, at law or in equity, upon account of the tax of some other taxpayer. *The two liabilities are separate and distinct*, arise

---

[1] Conference report to accompany H. R. 1, H. Rept. No. 356, 69th Cong., 1st sess., p. 44.

from different states of fact and are based upon entirely different theories. They present two distinct causes of action upon either of which it would naturally be assumed proceedings might be maintained independently. [Italics added.]

In the *Michael* case the respondent first sent notices to petitioners of liability as transferees of a corporation for income tax for 1922. While petitions for redetermination of such liability were pending before the Board, the respondent sent to the same persons notices of deficiencies in their individual income taxes for 1922. The petitioners took the position that the second notices were notices of a second determination in respect of the same taxable year and therefore of no effect because prohibited by section 274 (f) of the 1926 Act.[2] Disposing of the contention of the petitioners, we said:

* * * The effect of the argument advanced by the petitioners is that in one proceeding there must be determined the liability of the petitioner for his own taxes and his liability, in law or in equity, for the taxes of all other taxpayers. We find nothing in the statute or in the committee reports which evidences such an intent. Such a construction of the act would involve great difficulty in its administration and would practically render valueless the provision of the law which grants a longer period in which to assert the liability of a transferee of assets. It is a construction which is to be indulged only if the statute clearly requires it.

The argument of the petitioner is that the notices mailed November 19, 1926, asserting liability under section 280 of the act are "notices of a deficiency" and are "mailed to a taxpayer." Unless both of these contentions are sound, the petitioners' argument must fail.

Section 280 distinguishes between "the liability, at law or in equity, of a transferee of property of a taxpayer" and "a deficiency in a tax." It provides that the former shall "be assessed, collected and paid in the same manner" as the latter. This serves to make the procedure similar, but the language clearly differentiates between a liability as transferee and a deficiency. Had Congress intended the construction for which petitioner contends it would have been much simpler to have modified the definition of a deficiency to include such a liability. Instead we find it drawing a distinction.

The *Michael* case was affirmed by the Circuit Court of Appeals for the Second Circuit in a per curiam opinion which adopted in full the opinion of the Board, 75 Fed. (2d) 966; certiorari denied, 296 U. S. 579. The *Michael* case is quoted by the Court of Appeals of the District of Columbia as authority for the proposition that a taxpayer and a transferee are so separate and distinct that a tax paid by one as a taxpayer may not be set off against its transferee liability. *Continental Oil Co.* v. *Helvering*, 100 Fed. (2d) 101, 110.

In *California Iron Yards Corporation* v. *Commissioner*, 82 Fed. (2d) 776, the petitioner was a transferee and claimed that the notice to it was a second notice of deficiency, the first notice being the one to the transferor. The Circuit Court of Appeals for the Ninth Cir-

---

[2] Similar provisions appear in the 1932, 1934, and 1936 Acts in section 272 (f).

# 36

cuit overruled the transferee's contention on authority of the *Michael* case.

The respondent's position in this proceeding is very much the same as was the petitioners' in the *Michael* case. Having determined a transferee liability, he now says that in the proceeding instituted on the notice of determination we should redetermine both the liability of the taxpayer and of the transferee. The necessary consequence of our holding in the *Michael* case as to the gap between a taxpayer proceeding and a transferee proceeding is that a redetermination of both may not be made in a single proceeding instituted upon a notice of determination of only one of the two liabilities. See also *Hulburd* v. *Commissioner*, 296 U. S. 300, holding that a transferee notice to an estate of a decedent will not support a charge of liability on the part of a legatee of the estate.

Emphasis on the holding that the statutes bringing transferee proceedings within the jurisdiction of the Board did not intend to merge such proceedings into those of taxpayers is found in provisions not heretofore mentioned. The statutory period for assessment and collection in the two proceedings is different.[3] If the proceedings were merged, which period would apply? The burden of proof in the two proceedings is different.[4] How would this burden be applied if the proceedings were merged?

Counsel for the respondent cites a number of cases which he says sustain his right to amend in this case. None of them are in point on the facts or the questions involved. For the most part they involved jurisdictional questions, as where a corporation filed a petition based upon a notice of deficiency addressed to its predecessor, or where a corporation purporting to be the taxpayer and having filed a petition later sought to avoid liability on the ground that it was not the taxpayer. Those decisions are not helpful on the procedural question in this case.

Our holding on the authority of the cases cited above is that the one notice sent to the petitioner herein as transferee can not, by amendment of the respondent's answer, be made to serve as both a notice of transferee liability and as a notice of deficiency in original tax liability. The motion for leave to amend will be denied.

Reviewed by the Board.

OPPER dissents.

---

[3] See sec. 275 (a) and 311 (b) (1) and (2), Revenue Act of 1934.
[4] See Rule 32 and sec. 602, Revenue Act of 1928.