ESTATE OF NELLIE L. RHODES, DECEASED, CAREY W. RHODES, FORMER EXECUTOR AND SOLE BENEFICIARY AND DISTRIBUTEE OF SAID ESTATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106944. Promulgated August 29, 1941.

*Samuel H. Horne, Esq.,* for the petitioner.
*E. M. Woolf, Esq.,* for the respondent.

OPINION.

ARUNDELL: This proceeding is before us on the motion of counsel for the respondent to dismiss for lack of jurisdiction. The motion was originally based on failure of the petitioner to allege his executorship and improper verification. These defects were cured by the filing of an amended petition at the hearing. Counsel for the respondent thereupon moved to dismiss on the ground that Rhodes, who signed the petition, having been discharged as executor, has now no authority to represent the estate.

Nellie L. Rhodes died testate on February 22, 1936. Carey W. Rhodes, the surviving husband, was appointed executor and is the sole beneficiary under the decedent's will and the sole distributee of her estate. He filed with the collector for the first district of Illinois a joint income tax return for the period January 1 to February 22, 1936. As executor he filed with the same collector an income tax return for the estate of the decedent for the period February 22 to December 31, 1936. He filed with the respondent a formal notice of fiduciary relationship under section 312 (a) of the Revenue Act of 1936. He stated therein that he was the duly qualified and acting executor of the estate of the decedent and that the notice was being given with respect to any income tax imposed by the Revenue Act of 1936 or any prior acts, and specifically as to the income tax liability of the estate for the taxable year ended December 31, 1936.

Carey W. Rhodes completed administration of the decedent's estate and was discharged as executor on October 16, 1939. He did not give the respondent notice of the termination of his fiduciary capacity.

The deficiency notice, dated January 18, 1941, and pertaining to income tax liability of the decedent for the year ended December 31, 1936, was addressed to: "Estate of Nellie L. Rhodes, Deceased, Mr. Carey W. Rhodes, Executor, 160 North La Salle Street, Chicago, Illinois." The amended petition now before us was captioned the same as this opinion.

The respondent bases his motion to dismiss on the case of *Estate of Joseph B. Dabney*, 40 B. T. A. 276. The petitioner's resistance to the motion rests on section 312 of the Revenue Act of 1936, which provides:

(a) FIDUCIARY OF TAXPAYER.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated.

\*      \*      \*      \*      \*      \*      \*

(c) MANNER OF NOTICE.—Notice under subsection (a) or (b) shall be given in accordance with regulations prescribed by the Commissioner with the approval of the Secretary.

The *Dabney* case, *supra*, involved similar facts in that a petition was filed by a discharged executor. That case arose in a state where, as in Illinois, an executor upon discharge becomes *functus officio* in so far as local law is concerned. *Hulburd* v. *Commissioner*, 296 U. S. 300. But in the *Dabney* case, while mention was made of section 281 (b) of the 1926 Act, which is the same as section 312 (a) of the 1936 Act, there was no argument on or discussion of the effect of the imposition of continuing liabilities and duties. It was not shown in that case whether or not the former executor had notified the Commissioner of

his discharge. Consequently, the *Dabney* case differs on the facts. The opinion does not reach the point urged by the petitioner in this proceeding, and is not controlling authority if section 312 has the effect claimed by the petitioner.

Section 312 of the Revenue Act of 1928, which is like the section we are considering, has been judicially construed in *Sanborn* v. *Commissioner*, 108 Fed. (2d) 311, affirming 39 B. T. A. 721. There, as here, the fiduciaries failed to give the Commissioner notice of discharge and, after discharge, prosecuted a proceeding before this Board. When the Commissioner sought to enforce a transferee liability against the former executrix she resisted on the ground that the fiduciary proceeding before the Board was a nullity because of lack of jurisdiction and that therefore the statute of limitations had intervened to bar transferee liability. The Circuit Court, after quoting the statute, called attention to the provisions of the Commissioner's regulations which, under both the 1928 and 1936 Acts, provide that "when the fiduciary capacity has terminated, the fiduciary in order to be relieved of any further duty or liability as such, must file with the Commissioner written notice that the fiduciary capacity has terminated as to him accompanied by satisfactory evidence of the termination of the fiduciary capacity", art. 1241, Regulations 74; art. 312–1, Regulations 94. The court concluded that there was no merit in the claim of lack of jurisdiction and said:

\* \* \* Since the executors never gave the notice required by Section 312 (a) and (c) to divest themselves of the powers and duties of the taxpayer with respect to the tax, they were clothed with such powers and duties at all times during the pendency of the proceeding initiated by them before the Board and thereafter. The statute clearly provides for the continuation of the powers and duties of a fiduciary with respect to a tax until a specified notice is given. It does not provide that notice of termination of fiduciary capacity contained in a petition filed with the Board shall be deemed the equivalent of the statutory notice. It does not authorize the Commissioner to waive the statutory notice. His admission that a fiduciary has been discharged is not an admission that the statutory responsibility of that fiduciary with respect to a tax has been terminated.

In *Tooley* v. *Commissioner*, 121 Fed. (2d) 350; (reversing 42 B. T. A. 977, on another point), the transferee raised a jurisdictional question similar to that in *Sanborn's* case, *supra*. The former executor, Dollar, had notified the Commissioner of his fiduciary capacity, but not of its termination. The court held:

\* \* \* Dollar's fiduciary capacity and power to conduct the proceeding before the Board therefore continued during that proceeding. The fact that he recited in his petition before the Board that he was no longer executor of Mr. Botts' will was not the notice to the Commissioner required by the statute and the regulation. \* \* \*

The quoted Circuit Court cases require a holding in this case that the former executor is the proper person to file a petition for redetermination based upon a notice of deficiency directed to him in his fiduciary capacity. The facts herein are such that there were continuing liabilities and duties upon Rhodes, including the right of petition to the Board. Accordingly, the respondent's motion to dismiss will be denied.

*Order will be entered denying motion to dismiss.*