ESTATE OF JOHN T. EVERSOLE, DECEASED, INA G. TAPOCIK, ADMINISTRATRIX, AND INA G. TAPOCIK, INDIVIDUALLY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40235.   Filed March 29, 1963.

*R. Forder Buckley, Esq.*, and *Don O. Russell, Esq.*, for the petitioners.

*James H. Martin, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The respondent determined deficiencies in income tax and additions to tax as follows:

| Year | Deficiency | Addition to tax, sec. 293(b), I.R.C. 1939 |
|---|---|---|
| 1946 | $1,998.09 | $999.05 |
| 1947 | 12,156.37 | 6,078.19 |
| 1948 | 3,332.86 | 1,666.43 |

Petitioners have conceded the correctness of the deficiencies determined by respondent for each of the years involved, and respondent has conceded that petitioners are not liable for additions to tax under section 293(b) of the Internal Revenue Code of 1939 [1] for any of the years involved.   A motion to dismiss the proceedings as to Ina G. Tapocik, individually, on the ground that no notice of deficiency had been issued to Ina G. Eversole (now Tapocik) individually, was filed by petitioner at the trial.

The questions presented for our determination are:

(1) Whether the Tax Court has jurisdiction of the tax liability of the estate of John T. Eversole, deceased, for any of the years involved; (2) whether the assessment and collection of the deficiencies determined by respondent for each of the years involved are barred by limitations; (3) whether the Court has jurisdiction to determine the tax liability of Ina G. Eversole Tapocik, individually; and (4) whether the petitioner, Ina G. Tapocik, is individually liable for the deficiencies determined by respondent for any of the years involved.

---

[1] Unless otherwise indicated, all Code references herein are to the Internal Revenue Code of 1939.

This case was submitted on a stipulation of facts and exhibits attached thereto, and such stipulation and exhibits are hereby adopted as our findings.

John T. Eversole, a resident of Springfield, Ill., filed separate individual income tax returns for the taxable years 1946 and 1947 with the collector of internal revenue for the eighth collection district of Illinois, within the time prescribed by law. For the taxable year 1948 John T. Eversole and Ina Eversole, his wife, filed a joint individual income tax return with the collector of internal revenue for the eighth collection district of Illinois, within the time prescribed by law.

John T. Eversole died intestate on September 4, 1949. The Probate Court of Sangamon County, Ill., granted letters of administration upon his estate on September 13, 1949, and his widow, Ina G. Eversole, was appointed administratrix of such estate.

On or about January 23, 1950, Ina G. Eversole, as administratix of the estate of John T. Eversole, deceased, filed a "Notice to the Commissioner of Internal Revenue of Fiduciary Relationship," Treasury Department Form No. 56, advising the Commissioner that she was the duly qualified and acting administratix of the estate of John T. Eversole, deceased. Attached to such notice was a certified copy of the letters of administration issued by the Probate Court of Sangamon County.

Ina G. Eversole, as administratix of the estate of John T. Eversole, deceased, and respondent executed on or about January 25, 1950, a consent (form 872) extending the period of limitations for assessment of income and profits tax with respect to the taxable year ended December 31, 1946, against the estate of John T. Eversole to June 30, 1951. Such document was forwarded to the respondent, together with the notice of fiduciary relationship.

The Probate Court of Sangamon County on July 5, 1950, entered its order discharging Ina G. Eversole as administratrix of the estate of John T. Eversole, deceased. Ina G. Eversole did not, however, file with respondent any notice that her fiduciary capacity as administratrix of the estate of John T. Eversole, deceased, had terminated.

On or about October 31, 1950, Ina G. Eversole filed with respondent's agents consents (forms 872) extending the period of limitations upon assessment of income and profits tax relative to the years 1946 and 1947 to June 30, 1952. On October 31, 1950, both of such documents were executed by respondent. Such documents bear the signature of Ina Eversole under the caption "Estate of John T. Eversole, Deceased, and Mrs. Ina Eversole, Surviving Wife."

On January 22, 1952, respondent issued a statutory notice of deficiencies to the "Estate of John T. Eversole, Deceased, Ina G. Eversole, Administrator, and Mrs. Ina G. Eversole, Surviving Spouse,"

determining deficiencies in income taxes and additions to the tax for the taxable years 1946, 1947, and 1948.

The statutory notice of deficiency issued by the Commissioner of Internal Revenue on January 22, 1952, contains the following relevant language:

U.S. TREASURY DEPARTMENT
Office of Internal Revenue Agent in Charge
Springfield, Illinois

January 22, 1952

Internal Revenue Service
Conf: WSC:FH

Estate of John T. Eversole, Deceased
Ina G. Eversole, Administrator, and
Mrs. Ina G. Eversole, Surviving Spouse
1433 Holmes Avenue, Springfield, Illinois.

Dear Mrs. Eversole: You are advised that the determination of your income tax liability for the taxable year(s) ended December 31, 1946, 1947 and 1948 discloses a deficiency of $17,487.32 and a penalty of $8,743.67 as shown in the statement attached.

In accordance with the provisions of existing internal revenue laws, notice is hereby given of the deficiency or deficiencies mentioned.

The attached statement includes the following language concerning the adjustments made for each of the years involved:

Explanation of Adjustment

The above adjustment to net income has been made on the basis of information on file in this office.

The petition, filed in this case on April 21, 1952, is as follows:

THE TAX COURT OF THE UNITED STATES

ESTATE OF JOHN T. EVERSOLE, DECEASED, INA G. EVERSOLE, ADMINISTRATOR, AND MRS. INA G. EVERSOLE, SURVIVING SPOUSE, PETITIONER

vs.

COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. ——

PETITION

The above named petitioner hereby petitions for a redetermination of the deficiencies set forth by the Commissioner of Internal Revenue in the notice of deficiency dated January 22, 1952, and as a basis for this proceeding alleges as follows:

1. The Petitioner is a citizen of the United States of America and presently resides at 5242 Greer, St. Louis, Missouri. On January 18, 1952 the Petitioner was married to Joseph Tapocik. Petitioner previously resided at Springfield, County of Sangamon, State of Illinois.

2. The returns for the periods here involved were filed by the taxpayer with the Collector for the Eighth District of Illinois.

3. The deficiency notice, a copy of which is attached hereto, marked "Exhibit A" was mailed to the taxpayer on January 22, 1952.

4. The taxes in controversy are Income Taxes for the years ending December 31, 1946, 1947, and 1948 as follows:

| Year | Deficiency income tax | 50-percent penalty |
|---|---|---|
| 1946 | $1,998.09 | $999.05 |
| 1947 | 12,156.37 | 6,078.19 |
| 1948 | 3,332.86 | 1,666.43 |
| Total | 17,487.32 | 8,743.67 |

5. The said deficiency notice alleges that the determination of the petitioner's income tax and penalty liability has been made upon the basis of information on file in the Internal Revenue Office, but, no explanation was made by the Commissioner of the basis or information contained in the file upon which the deficiency and penalty were based, other than the words "UNALLOWABLE DEDUCTIONS AND ADDITIONAL INCOME".

6. STATEMENT OF FACTS:

The Income Tax Returns in question for the years 1946, 1947, and 1948 were filed by the petitioner's late husband, John T. Eversole. The petitioner has no income reported in the said returns, did not prepare the same, and never saw copies of the returns until after receipt of the deficiency notice. Petitioner did not execute the returns for 1946 and 1947 and to the best of her knowledge and belief did not sign the return for 1948. The taxpayer John T. Eversole died September 4, 1949, and the petitioner was appointed Administrator of his Estate. The Estate was closed on June 23, 1950.

7. Your petitioner contends upon information and belief that the said Commissioner erred in his aforementioned determination as follows:

(a) The Commissioner has not shown any factual basis for his claim of "UNALLOWABLE DEDUCTIONS AND ADDITIONAL INCOME" listed in the deficiency notice mailed to the taxpayer on January 22, 1952.

(b) Your petitioner contends that to the best of her knowledge and belief there was no "UNALLOWABLE DEDUCTIONS" listed, or "ADDITIONAL INCOME" unlisted in the returns filed by the taxpayer for the years ending December 31, 1946, 1947, and 1948.

(c) Your petitioner contends that the alleged deficiencies for the years ending December 31, 1946, 1947, and 1948 are barred by the Statute of Limitations.

(d) Your petitioner contends that the imposition of the 50% penalty shown above for the taxable years ended December 31, 1946, 1947, and 1948 has been asserted in accordance with the provisions of section 293(b) of the Internal Revenue Code and was erroneous.

(e) Your petitioner contends that in any event the assertion of a Joint Liability against Ina G. Eversole, Administrator, and Mrs. Ina G. Eversole, Surviving Spouse, for the years 1946, 1947, and 1948 is erroneous.

8. WHEREFORE, the petitioner prays that the Court may hear this proceeding and may determine that the alleged "UNALLOWABLE DEDUCTIONS AND ADDITIONAL INCOME" for the years 1946, 1947, and 1948 were erroneous, and that the notice of deficiency and the assessment of any tax thereon be set aside.

(S)  Ina G. Eversole Tapocik

INA G. EVERSOLE TAPOCIK

ATTORNEY:
R. Garrett Phillips
617½ E. Monroe Street
Springfield, Illinois

STATE OF ILLINOIS,
*County of Sangamon, ss*:

Ina G. Eversole Tapocik, being first duly sworn, says that she is the petitioner above named; that she has read the foregoing petition, or had the same read to her, and that she is familiar with the statements contained therein, and that the statements contained therein are true, except those stated to be upon information and belief, and those she believes to be true.

(S)    Ina G. Eversole Tapocik
INA G. EVERSOLE TAPOCIK

Subscribed and sworn to before me this 19th day of April, A.D. 1952.

(S)    EARL R. RICE
*Notary Public*

My commission expires November 19, 1953.
[SEAL]

In its answer filed June 23, 1952, respondent, without explanation or order therefor, changed the designation of the petitioner in the caption therof to read "Estate of John T. Eversole, Deceased, Ina G. Eversole, Administratrix, and Ina G. Eversole, Individually," instead of "Estate of John T. Eversole, Deceased, Ina G. Eversole, Administrator, and Mrs. Ina G. Eversole, Surviving Spouse," as employed in the notice of deficiency and in the petition filed herein.

Pursuant to a motion filed by counsel for petitioner on September 15, 1952, "to Amend the Pleadings to Show Change in the Name of Petitioner," an order was entered October 21, 1952, amending the caption in this proceeding to read "Estate of John T. Eversole, Deceased, Ina G. Tapocik, Administratix, and Ina G. Tapocik, Individually, Petitioners, v. Commissioner of Internal Revenue, Respondent, Docket Number 40235."

Petitioner contends that the Tax Court lacks jurisdiction to redetermine a deficiency against the estate of John T. Eversole, deceased, alleging that no proper petition on behalf of the estate has been filed. This issue goes to the efficacy of a petition signed by Ina G. Eversole Tapocik to contest deficiences asserted by respondent against the estate, "Ina G. Eversole, Administrator." The issue is relevant particularly to the years 1946 and 1947, since the parties agree that the returns filed for those years were solely the individual returns of John T. Eversole.

The essence of petitioner's argument is that while the deficiency notice was issued in the names of both the estate and Ina G. Eversole, surviving spouse, the petition therefrom was filed by Ina G. Eversole Tapocik solely in her individual capacity.

It appears settled that the administratrix, although discharged at the time of the filing of the petition, has authority sufficient to file a petition for the estate, particularly since she had not notified respondent of the termination of her fiduciary capacity as required by section 312. *Estate of Nellie L. Rhodes*, 44 B.T.A. 1315. Cf. *Marie Minor Sanborn*, 39 B.T.A. 721, 727, affd. 108 F. 2d 311 (C.A. 8, 1940). This conclusion, however, is not dispositive of the issue, for what we have is essentially a question of fact: Was the petition filed for both the estate and the surviving spouse or for the surviving spouse alone? If Ina G. Eversole Tapocik "has not come before the * * * [Court] as a fiduciary * * * we can not compel her to do so." *Mary M. Shea*, 31 B.T.A. 513, 515. Cf. *Marie Minor Sanborn, supra.* Although a petition be filed by an individual who also happens to be the administratrix of the estate, such a petition is not sufficient to confer jurisdiction upon this Court with respect to the estate unless the petition constitutes an appeal by the signature in her fiduciary capacity and not merely individually. *Martha M. Hanify et al.*, 21 B.T.A. 379. Cf. *First Bond & Mortgage Co.*, 21 B.T.A. 1.

Examination of the petition satisfies us that while the caption includes a denomination of the case incorporating the words "Estate of John T. Eversole, Deceased, Ina G. Eversole, Administrator," the petition was not in fact made by or for the estate. The petitioner describes herself as a citizen and gives specific address. In paragraph 6 of the petition, petitioner states "The Income Tax Returns in question for the years 1946, 1947, and 1948 were filed by the petitioner's late husband, John T. Eversole." In addition, the petitioner states that she has no income reported in the returns; did not execute the returns for 1946 and 1947; and to the best of her knowledge did not sign the return for 1948. The petition bears the unmodified subscription "Ina G. Eversole Tapocik." Likewise, the verification is signed with that name alone.

It may be that the petition is inartistic as a document limiting an appeal to this Court to exclude petition by the estate, for there is language which disputes the overall correctness of respondent's determinations for each of the years. This language, however, does not change the nature of the petition from one which is clearly not that of the estate.

Accordingly, we have concluded that the petition here involved does not confer jurisdiction on this Court with respect to the estate for the years 1946, 1947, and 1948. *Martha M. Hanify, supra.*

The parties have stipulated that the returns for 1946 and 1947 were individual returns of John T. Eversole. Accordingly, Ina G. Eversole Tapocik is not individually liable for the deficiencies determined by respondent for 1946 and 1947, and our conclusion with respect to the estate of John T. Eversole, deceased, disposes of those years.

This would be true even though we should agree with petitioner's argument, hereinafter discussed in relation to the year 1948, that the term "surviving spouse" used in the notice of deficiency denoted transferee liability, since respondent does not contend, and has offered no evidence to support the burden imposed upon him by section 1119 (a), to establish that Ina G. Eversole Tapocik is liable as a transferee for the income taxes determined against the estate of John T. Eversole, deceased.

In view of our conclusion respecting the estate of John T. Eversole, deceased, it is not necessary for us to determine whether the assessment and collection of the deficiencies for the years 1946 and 1947 are barred by limitations.

The next question with which we are concerned is whether this Court has jurisdiction herein to determine individual liability against Ina G. Eversole Tapocik for the deficiency in income tax asserted by respondent for the year 1948. The parties have stipulated that the return for 1948 was a joint return. Under section 51(b)(1) the tax liability of a husband and wife filing such a return is joint and several. Accordingly the issue here presented turns primarily upon whether the notice of deficiency sent by respondent was sufficient to assert liability on the return against Ina G. Eversole Tapocik individually.

As set forth in our findings, the notice of deficiency was addressed to the "Estate of John T. Eversole, Deceased, Ina G. Eversole, Administrator, and Mrs. Ina G. Eversole, Surviving Spouse." Petitioner contends that this notice asserted deficiencies (for the 3 years involved) primarily against the estate of John T. Eversole, deceased, and that the use of the words "surviving spouse" was intended to assert only secondary liability against Ina G. Eversole, as transferee of assets of the estate, and was not sufficient to assert individual liability against her on the returns filed. Accordingly it is petitioner's position that no statutory notice of deficiency was mailed to Ina G. Eversole, asserting a deficiency against her individually, on the returns, and therefore that this Court has no jurisdiction to determine such individual liability.

We do not agree with petitioner's contentions on this issue.

Section 272(a)(1) provides:

If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the * * * [Tax Court] for a redetermination of the deficiency. * * * In the case of a joint return filed by husband and wife, such notice of deficiency may be a single joint notice, * * *.

It will be observed that the statute does not require any special form of deficiency notice, *Commissioner* v. *New York Trust Co.*, 54 F. 2d

463, 465 (C. A. 2, 1931), certiorari denied 285 U.S. 556; *Commissioner* v. *Forest Glen Creamery Co.*, 98 F. 2d 968 (C.A. 7, 1938); and also that in the case of a joint return filed by a husband and wife, a single joint notice of deficiency may be sufficient. Here, Ina G. Eversole and her husband John T. Eversole filed a joint return for the taxable year 1948. The husband having died and respondent having been notified that Ina G. Eversole had been appointed administratrix of his estate, a single joint notice of deficiency was addressed to "Estate of John T. Eversole, Deceased, Ina G. Eversole, Administrator, and Mrs. Ina G. Eversole, Surviving Spouse." It is clear that the notice was intended to inform Ina G. Eversole of the deficiencies which had been determined by respondent not only because of her fiduciary capacity but in some other capacity. There are no allegations in the notice or the statement attached thereto which indicate that respondent was asserting liability against Ina G. Eversole as a transferee under section 311 or under section 3467 of the Revised Statutes (31 U.S.C., sec. 192). The liabilities of taxpayers and transferees are separate and distinct. *Edward Michael*, 22 B.T.A. 639, affd. 75 F. 2d 966, certiorari denied 296 U.S. 579; *Milk Bottle Exchange, Inc.*, 43 B.T.A. 33; *New York Trust Co.*, 26 T.C. 257, 261. Since she had filed a joint return with her husband for 1948, it is reasonable to conclude that, by his notice of deficiency, respondent intended to, and did, assert joint and several liability against Ina G. Eversole as an individual taxpayer. The words "surviving spouse" as used in the notice of deficiency here in question were merely *descriptio personae.* Moreover, it does not appear that Ina G. Eversole Tapocik was misled by the use of the words "surviving spouse" in the notice of deficiency. Cf. *Commissioner* v. *New York Trust Co., supra; National Bank of Commerce, et al., Trustees*, 34 B.T.A. 119; *Olsen* v. *Helvering*, 88 F. 2d 650, affirming a Memorandum Opinion of the Board of Tax Appeals. As appears from paragraphs 6 and 7(e) of the petition, so far as her individual liability was concerned, it was petitioner's position that she had not filed a joint return for any of the years involved and accordingly that respondent had erred in asserting joint liability against her. No question was then raised as to the sufficiency of the notice to assert individual liability against her. While a question of jurisdiction may be presented at any time, it is evident from the pleadings that petitioner fully understood the notice as asserting individual liability against her and she was not misled in this respect by the use of the words "surviving spouse."

We hold that the notice was sufficient to assert individual liability and that the Court has jurisdiction to determine the income tax liability of Ina G. Eversole Tapocik, individually, for the taxable year 1948. Accordingly, the motion to dismiss filed on her behalf at the

trial is denied. The notice of deficiency was mailed within 3 years from the effective date of the return and the statute of limitations is not applicable.

The proceedings herein are dismissed for want of jurisdiction insofar as they relate to the estate of John T. Eversole, deceased.

In view of the stipulation and concessions of the parties,

*Decision will be entered that Ina G. Eversole Tapocik is liable for deficiency in income tax for the year 1948 in the amount of $3,332.86; that she is not liable for any deficiency in income taxes for the years 1946 and 1947; and that she is not liable for any additions to taxes for any of the years 1946, 1947, or 1948.*