RAY GENE AND KAREN SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 7764-77.
United States Tax Court
T.C. Memo 1979-16; 1979 Tax Ct. Memo LEXIS 510; 38 T.C.M. (CCH) 51; T.C.M. (RIA) 79016; January 9, 1979, Filed *510 Petitioners' motion to dismiss for lack of jurisdiction denied. Under the circumstances, typographical errors misstating two of the years for which the deficiencies had been determined on the front page of the notice of deficiency did not mislead petitioners. Robert D. Grossman, Jr., for the petitioners. Steven Mopsick, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Petitioners have moved for a dismissal for lack of jurisdiction with regard to the taxable years 1972 and 1973 on the ground that they did not receive a valid notice of deficiency with regard to those taxable *511 years. The issues presented by this motion are (1) whether a notice of deficiency which states on the front page printed form that deficiencies are determined for the years 1971, 1974, and 1975, but has attached to it documents which clearly show that the deficiencies are determined for the years 1971, 1972, and 1973, is a valid notice of deficiency for the years 1972 and 1973, and (2) whether petitioners were misled by the notice of deficiency with regard to the taxable years included in the notice. The parties have submitted a stipulation of facts concerning the circumstances surrounding issuance of the notice of deficiency at issue here and the filing of the petition. The relevant portion of the stipulation of facts, together with the exhibits attached thereto, and the statements made by counsel for the parties at hearings on the motion are set forth below in order that we may respond to the arguments presented. Petitioners Ray Gene Smith and Karen Smith (hereinafter referred to as petitioners or Mr. Smith) were residents of Wichita Falls, Tex., as of the date the petition herein was filed. Their joint returns for the taxable years 1971, 1972, 1973, 1974, and 1975 were timely *512 filed with the Internal Revenue Service. [1] Mr. Smith is a practicing attorney. In 1974 an audit of petitioners' returns for the taxable years 1969 through 1973 was commenced. On October 24, 1974, Mr. Smith signed a Form 2848-D authorizing his accountant to inspect confidential tax information held by the Internal Revenue Service with regard to petitioners' taxable years 1969 through 1973. On August 4, 1976, Mr. Smith requested a conference with the chief of the Conference Staff, Philip Talbot, with regard to the audit report for 1969 through 1973. Talbot twice wrote Mr. Smith concerning the need for a protest from Mr. Smith with regard to the years 1969 through 1973 as a prerequisite to a productive conference. Consequently, Mr. Smith wrote letters to Talbot pertaining to the years 1969 through 1973, inclusively, protesting the results of the audits for *513 those years, and a conference was scheduled for December 3, 1976, with John Lindsley as district conferee. After the conference information concerning the years 1971, 1972, and 1973 were submitted to Lindsley by Mr. Smith's secretary, Nancy Martin. However, on May 6, 1977, Lindsley informed Mr. Smith that there was no basis to change the conference report for the taxable years 1971, 1972, and 1973. On June 1, 1977, Mr. Smith and Darla Smith were mailed a notice of deficiency for the taxable years 1969 and 1970. On April 15, 1977, petitioners were mailed a notice of deficiency. The front page form letter set forth in the upper right hand corner that the tax years involved were 1971, 1974, and 1975. However, the attached waiver (Form 4089), Statement of Income Tax Changes (Form 5278), and Explanation of Items (Form 886-A) indicate that the taxable years for which deficiencies have been determined are 1971, 1972, and 1973. The Form 886-A, Explanation of Items, attached to the front page form letter advising that this is a Notice of Deficiency, clearly refers to the years 1971, 1972, and 1973, the adjustments proposed are the same as proposed for those years in the conference *514 report, and the taxable income reported on petitioners' tax returns for those years is used to compute the deficiencies for those years. The deficiencies for each of those years as so computed are the same amounts stated on the front page of the notice, the deficiency for 1972 being stated as a deficiency for 1974, and the deficiency for 1973 being stated as the deficiency for 1975. On July 4, 1977, immediately prior to the expiration of the 90-day period prescribed in section 6213(a), I.R.C., for filing petitions to this Court, Mr. Smith was hospitalized with hepatitis. Because of his illness, Mr. Smith's secretary, Nancy Shouse, contacted by telephone the law firm of Grossman & Flask, P.C., in Washington, D.C.,0 IN ORDER THAT THEY PREPARE AND FILE A PETITION. Shouse read the taxable years and amounts from the form letter portion of the notice of deficiency to Robert D. Grossman, Jr., who then prepared and filed a pro forma petition to this Court on July 14, 1977. Grossman did not receive a copy of the notice of deficiency until after the petition was filed. The petition alleges that the taxable years at issue are 1971, 1974, and 1975. In his answer *515 respondent alleged that the taxable years at issue are 1971, 1972, and 1973. Attached to the answer as an exhibit was a carbon copy of a notice of deficiency in which the form letter portion set forth the taxable years as 1971, 1972, and 1973. The original of this was never mailed to petitioners. On March 8, 1978, petitioners moved to dismiss the action for the taxable years 1972 and 1973 on the grounds that no valid notice of deficiency has been issued with regard to those years. [2]
Petitioners' challenge to the jurisdiction of this Court over the taxable years 1972 and 1973 hinges on their argument that a notice of deficiency constitutes only the commonly used printed form which comprised the first page of the document sent to petitioners on April 15, 1977. Because this form letter stated that the taxable years for which deficiencies had been determined are 1971, 1974, and *516 1975, petitioners contend that they did not receive a notice of deficiency for the years 1972 and 1973. We do not agree with the argument or the conclusion. Without doubt a valid notice of deficiency is a jurisdictional prerequisite to litigation in the Tax Court, sec. 6213(a). However, no particular form is required as long as it is a formal communication informing the taxpayer that a deficiency has been determined and stating either the taxable period involved or giving sufficient information that the taxpayer reasonably could not be deceived as to the taxable period. Commissioner v. Forest Glen Creamery Co.,98 F.2d 968, 971 (7th Cir. 1938); Estate of John T. Eversole v. Commissioner,39 T.C. 1113, 1119 (1963); 9 Mertens, Law of Federal Income Taxation, sec. 49.132, p. 212 (1977 Rev.); see United States v. Lehigh,201 F.Supp. 224, 229 (W.D. Ark. 1961). When, as here, a taxpayer received as a single document a cover letter and explanatory statements and waivers, the entire package will be considered as the notice of deficiency for that purpose, at least. Cf. Saint Paul Bottling Co. v. Commissioner,34 T.C. 1137 (1960). *517 But if because of the discrepancy about the taxable years in the notice of deficiency petitioners were misled in their awareness of the proper years involved or if the notice of deficiency was inadequate to apprise petitioners of the proper taxable years involved, we would be compelled to grant petitioners' motion. However, such is not the case here. We are persuaded that petitioners, if not their Washington counsel, were not confused or misled by the notice of deficiency. They realized the taxable years intended to be covered by the notice of deficiency were 1971, 1972, and 1973 and they intended that their petition place at issue the years covered by the notice of deficiency. The record before us makes it clear that the audit process, conferences and written communications between Smith and the Internal Revenue Service, dealt with the taxable years 1969 through 1973. Smith, an attorney, wrote letters protesting the results of the audits for these years. Furthermore, a notice of deficiency was sent to Smith and his first wife for the years 1969 and 1970. And even a quick reading of the notice of deficiency at issue here reveals that the years for which deficiencies were determined *518 were 1971, 1972, and 1973. Smith undoubtedly was aware of the actual situation prior to his illness and hospitalization. That the circumstances surrounding the preparation and filing of the petition were such that petitioners' counsel did not realize the true state of affairs is beside the point. While Grossman was misled by the form letter portion, which apparently was the only portion read to him over the telephone, he also was retained at the last minute in order to commence the action in this Court. Apparently Grossman had no contact with Smith prior to the telephone call from Smith's secretary and there was not time to forward a copy of the notice to Grossman before he drafted and filed the petition on the Smiths' behalf.But we do not believe that Grossman's lack of access to the explanatory pages of the notice of deficiency and his resulting confusion shields petitioners from our finding that the taxable years involved in the notice of deficiency included 1972 and 1973 and that they were fully aware of this. [3]
*519 We conclude that the notice of deficiency was a valid notice of deficiency for the years 1972 and 1973. Compare Wilkens and Lange v. Commissioner,9 B.T.A. 1127 (1928); Saint Paul Bottling Co. v. Commissioner,supra;Estate of Stranahan v. Commissioner,T.C. Memo. 1971-250. Consequently, we deny petitioners' motion to dismiss for the taxable years 1972 and 1973. [4]
An appropriate order will be entered.
Footnotes
1. During the taxable years 1969, 1970, ane part of 1971, Mr. Smith was married to Darla Smith. In 1971 they were divorced and petitioner married Karen. Since Darla and Karen are petitioners to this Court as a result of joint returns being filed, references will be made to Mr. Smith only unless otherwise indicated.↩
2. We find it anomalous that petitioners have moved to dismiss for taxable years which were not alleged to be in issue in their petition. However, due to respondent's allegations in his answer that the taxable years at issue include 1972 and 1973, we are willing to entertain petitioners' motion.↩
3. We are certain that had Grossman, an experienced tax attorney, received the entire notice of deficiency with the explanatory pages before filing the petition, or had he been involved in the prenotice audit and protest proceedings, he would not have been misled by the typographical errors on the first page of the notice.↩
4. Our conclusion means that the petition will have to be amended in order to reflect the taxable years intended to be placed in issue by the notice of deficiency and by the Smiths.↩