ROBERT C. HART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hart v. Commissioner
Docket No. 17726-81.
United States Tax Court
T.C. Memo 1982-553; 1982 Tax Ct. Memo LEXIS 187; 44 T.C.M. (CCH) 1203; T.C.M. (RIA) 82553; September 23, 1982. Robert E. Falb and Robert E. Liles II, for the petitioner. Lewis Carluzzo, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for hearing and disposition of petitioner's motion to dismiss for lack of jurisdiction. Subsequent to the hearing thereon, the petitioner's motion to dismiss for lack of jurisdiction was reassigned, on July 9, 1982, to Special Trial Judge Lee M. Galloway for consideration and ruling thereon. The Court approves and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, *188 Special Trial Judge: This matter is before the Court on petitioner's motion to dismiss for lack of jurisdiction pursuant to Rule 53, [1] Tax Court Rules of Practice and Procedure. The motion came on for hearing at a motions session in Washington, D.C. Petitioner and respondent appeared by their respective counsel and argued the motion. At the conclusion of the hearing the motion was taken under advisement. Respondent mailed a 90-day letter to petitioner's last known address in Arlington, Virginia, on April 15, 1981, in which he determined a deficiency of $112,829 in petitioner's 1977 Federal income tax. Petitioner filed a timely petition with this Court on July 13, 1981. On the same date, petitioner filed this motion to dismiss for lack of jurisdiction, with an attached memorandum of authorities, and requested a hearing on the motion. Petitioner's principal argument in support of his motion is that respondent's notice of deficiency dated April 15, 1981, does not constitute a "determination of a deficiency as required by section 6212(a), *189 " [2] which provides, in part, that "[i]f the Secretary determines that there is a deficiency in respect of any tax imposed * * * he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." The report of individual income tax changes (Form 1902-B) attached to the notice of deficiency discloses the following adjustments: ADJUSTMENT
ITEM CHANGED
INCREASE (DECREASE)
NRG Trust
$ 4,491
PBK Associates
4,545
1976 NOL
152,148
Line A. Adjustment in income
$161,184
Line M. Balance due
$112,829
The form discloses no other entries for items such as "Adjusted gross, taxable, or tax table income reported or as previously adjusted," "Tax computed with exemptions," "Corrected tax," "Tax shown on return or as previously adjusted," or "Deficiency." The $112,829 "Balance due" was determined by multiplying $161,184 by the maximum applicable income tax rate under section 1. There is no explanation of the $152,148 1976 NOL adjustment. Respondent's other adjustments were explained by two printed forms indicating *190 a variance in petitioner's losses claimed and the losses determined by an examination of NRG Trust and PBK Associates partnership books and records as follows: DISTRIBUTABLE
DISTRIBUTABLE
NAME
LOSS CLAIMED
LOSS REPORTABLE
ADJUSTMENT
NRG Trust
$ (5,605)
$ (1,114)
$4,491
PBK Associates
(5,672)
(1,127)
4,545
In his petition, the taxpayer admits being a beneficiary of NRG Trust and the general partner of PBK Associates, but denies that the losses were improperly claimed as to the 1976 NOL adjustment. Petitioner claims that his 1977 tax return reflected an income of $49,279, which was reduced to zero by the application of $49,279 of a 1976 net operating loss of $152,148 to his 1977 income, leaving a carryover in future years of $102,869. Petitioner objects to respondent's inclusion of the $152,148 1976 net operating loss as an item of income and also objects to respondent's computation of petitioner's tax liability by applying the maximum 70 percent tax rate to the adjustments determined. Based on this record, it appears that in computing the amount of deficiency set forth in the 90-day letter, respondent's agent may have made errors in adjusting *191 petitioner's 1977 taxable income and in computing the balance of tax due which result in a substantial overstatement of the amount of deficiency which would otherwise have been reflected in the 90-day letter. However, we cannot agree with petitioner that respondent's errors result in a failure by respondent to comply with the provisions of section 6212(a) because respondent failed to make a "determination" as required by the statute. The fact is that respondent made a deficiency "determination" of petitioner's 1977 Federal income tax liability which complied with section 6212(a) when he mailed his notice of deficiency dated April 15, 1981, to petitioner. The statute does not require that a notice of deficiency, to be valid, be framed in any particular form. In Jarvis v. Commissioner,78 T.C. 646, 655-656 (1982), we commented: The Internal Revenue Code of 1954 in neither section 6212(a) nor elsewhere prescribes the form of a notice of the specifics to be contained therein. Mayerson v. Commissioner,47 T.C. 340, 348 (1966); Estate of Eversole v. Commissioner,39 T.C. 1113, 1119-1120 (1963); Barnes v. Commissioner,408 F.2d 65, 68 (7th Cir. 1969), *192 affg. Barnes Theatre Ticket Service, Inc. v. Commissioner, a Memorandum Opinion of this Court. The notice of deficiency herein involved was sufficient to fairly advise petitioner that deficiencies in income taxes and additions to the tax had been determined and the years and amounts thereof. See Olsen v. Helvering,88 F.2d 650, 651 (2d Cir. 1937), where the court cogently stated, "the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." It is also clear from petitioner's actions that he was not misled by the error in the amount of the notice of deficiency. When petitioner filed his petition with this Court on July 13, 1971, he also filed his motion to dismiss for lack of jurisdiction. If petitioner had waited until respondent had filed his answer pursuant to Rule 36 instead of filing this motion, respondent would have had the opportunity to correct the errors which petitioner now claims justify our dismissal of this action. In Myers v. Commissioner,T.C. Memo. 1981-84, we stated, in part: An error in a notice of deficiency, which *193 otherwise fulfills its purpose, will be ignored where the taxpayer is not misled thereby and is provided by it with information sufficient for the preparation of his case for trial. * * * Even if the notice of deficiency had contained no change to income except the 1976 NOL adjustment and the patently erroneous tax computation, it would be a valid notice of deficiency under the statute. Here, however, we note that there is no evidence that it is inaccurate with respect to the NRG Trust and PBK Associates adjustments. Accordingly, we must reject petitioner's contention that any preparation errors made by respondent invalidate the notice of deficiency. Petitioner's motion to dismiss for lack of jurisdiction will be denied. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩