AMERICAN BAG CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10398. Promulgated May 28, 1929.

*Frank J. Albus, Esq.*, and *Homer K. Jones, C. P. A.*, for the petitioner.

*J. A. O'Callaghan, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner herein, a corporation organized under the laws of Maine, with its principal office and place of business at Memphis, Tenn., filed an income and profits-tax return for the calendar year 1918 on June 14, 1919, and on May 7, 1920, it filed an income and profits-tax return for the calendar year 1919. The tax shown due on the returns was duly paid.

In November, 1920, the then Commissioner of Internal Revenue assessed additional taxes against the petitioner in the amount of $14,856.27 for 1918, and $8,526.27 for 1919. On December 23, 1920, the petitioner filed claims for abatement of said additional tax accompanied by bonds in the amounts of $14,856.27 and $8,526.27,

respectively, signed by the petitioner as principal and the United States Fidelity & Guaranty Company as surety, conditioned, "* * * Now, THEREFORE, the condition of the foregoing obligation is such that if the principal shall on notice and demand by the Collector duly pay any part of such tax found to be due by the Commissioner with interest at the rate of six per cent per annum from the time such tax would have been due had no such claim been filed, and shall otherwise well and truly perform and observe all the provisions of the law and regulations, then this obligation is to be void, but otherwise to remain in full force and virtue."

The action taken by the Commissioner with respect to said claims for abatement and with respect to the collection of said additional tax is shown by the following letter from the collector at Nashville, Tenn., to the respondent under date of December 13, 1928, which by agreement of the parties hereto was introduced in evidence and made a part of the record herein:

\* \* \* \* \* \* \*

First notice and demand was issued on December 13, 1920, as evidenced by the attached copies. On December 23, 1920, claims for abatement were filed in the respective amounts of $14,856.27 and $8,526.27, and were forwarded to the Bureau for consideration on December 24, 1920. These claims were officially rejected on January 5, 1922, but due to additional information having been submitted by the taxpayer the cases were reconsidered. On November 14, 1924, as a result of advice received from the Bureau a first notice and demand was issued and you will note from the copies enclosed that interest was computed from December 23, 1920, to November 24, 1924. There is enclosed, herewith, a copy of the telegram received from the Commissioner dated November 22d, authorizing the deferring of collection of these taxes thirty days, provided, the interests of the Government were not jeopardized. It might be well to state at this time that surety bonds were executed by the taxpayer in the respective amounts of $14,856.27 and $8,526.27 on December 21, 1920, to secure the payment of taxes in the event its claim for abatement was rejected. The original bonds, which were cancelled on March 11, 1926, are attached. On November 28, 1924, a second notice and demand was issued, covering tax 6 per cent interest, 5 per cent penalty and 12 per cent interest. Copies of these notices are enclosed, together with a copy of my letter of the 28th of November, in which they were informed that in view of the information received from the Commissioner that collection would be withheld for a period of thirty days, that the notices were merely sent to comply with the law and regulations in such cases. Under date of January 27, 1925, I inquired of the Commissioner whether or not to proceed with the collection of these taxes and on February 9, 1925, I was advised that I should not further delay collection of the tax due. A copy of Bureau letter containing this information is enclosed. Accordingly, on February 12, 1925, second notice and demand was again issued, copies of which are attached and forwarded with my letter dated February 12, 1925, a copy of which is also attached, with the request that payment be made on or before February 23d. On account of failure to pay the tax within the time allowed on the second, second notice and demand issued on February

24th, warrants for distraint were forwarded to my deputy collector at Memphis, for the collection of the tax and interest and there are attached hereto true and correct copies of these warrants. As a result of a conference held in this office on August 10, 1925, it was agreed that the taxpayer would make payment of $7,500 on the distraint warrants held by the deputy and no further action would be taken toward collection until September 10, 1925. This extension was given in order that the taxpayer would have an opportunity to get some definite action from the Bureau, or Appeal Board, with reference to the re-opening of their case. It was understood at that time that if this office did not receive any official information from either the Bureau or the Board of Tax Appeals, that collection of the balance due under the warrants would proceed. On September 16, 1925, a letter was directed to this office by the Commissioner, a copy of which is attached, suggesting that collection be withheld for a period of sixty days, provided the interests of the Government were not jeopardized. On December 2, 1925, the Bureau furnished me with the amounts the taxpayer had been over-assessed for the years 1909 to 1919, inclusive, and this information was immediately transmitted to the Deputy with the request that collection be made of the unpaid balance, less the credits for these years. There is enclosed a copy of my letter dated February 15, 1926, instructing the deputy holding these warrants to proceed by distraint, if he thought proper. This letter was written as a result of a telegram from the taxpayer dated February 15, 1926. On February 19, I was advised by wire from Washington by a representative of the corporation that the Bureau would issue a 60-day letter immediately and advise this office to delay collection.

    \*        \*        \*        \*        \*        \*        \*

On December 8, 1925, the collector at Nashville mailed to the petitioner a letter which is as follows:

AMERICAN BAG COMPANY,
AMERICAN FINISHING COMPANY,
### Memphis, Tennessee

SIRS: Further reference is made to the outsanding assessments of additional tax for the years 1918 and 1919 in the sums of $7,356.27 and $8,526.27, respectively.

You will recall that collection of these amounts has been withheld pending adjustment by the Bureau at Washington for the years 1909 to 1919, inclusive.

I am today in receipt of a letter from the Bureau advising that audit of these years has been completed, and overassessments found as follows:

| | |
|---|---:|
| 1909 | $84. 78 |
| 1911 | 10. 42 |
| 1912 | 91. 65 |
| 1913 | 96. 60 |
| 1915 | 14. 28 |
| 1918 | 3, 109. 92 |
| 1919 | 1, 268. 49 |
| Total | 4, 676. 14 |

You will note from the above that there is a total credit due for these years of $4,676.14, which will be applied to the total outstanding of $15,882.54, leaving a balance of $11,206.40, together with interest.

I am today notifying my deputy at Memphis, who holds warrants for the collection of this tax to deduct this credit and allow you to pay the balance, together with the interest.

On December 28, 1925, the petitioner appealed to this Board from the action set forth in the collector's letter of December 8, 1925. The said additional tax was paid or abated as follows:

### 1918

| | |
|---|---:|
| August 12, 1925, Paid | $7, 500. 00 |
| December 24, 1925, Credit | 297. 73 |
| December 24, 1925, Abatement | 3, 109. 92 |
| March 2, 1926, Paid | 3, 948. 62 |
| Total | 14, 856. 27 |
| March 2, 1926, Interest Paid | 2, 800. 00 |
| March 2, 1926, Penalty Paid (in part) | 170. 19 |
| March 11, 1926, Balance of Penalty paid | 27. 24 |

### 1919

| | |
|---|---:|
| December 24, 1925, Abatement | $1, 268. 49 |
| March 3, 1926, Paid | 7, 257. 78 |
| Total | 8, 526. 27 |

The petitioner, in the petition filed herein, originally alleged that the respondent, in determining its tax liability for 1918 and 1919, erred in two particulars with respect to its income and invested capital. At the hearing counsel for the petitioner stated that the petitioner " wishes to waive the contentions set forth in petition," and upon motion duly granted they amended the petition by adding the allegation that assessment and collection of the additional tax for 1918 and 1919 are barred by the statute of limitations. This allegation was denied by the respondent.

We are of opinion that the collector's letter of December 8, 1925, is not the deficiency notice contemplated by the statute, and that we have no jurisdiction to determine the merits of the controversy.

Reviewed by the Board.

*Order of dismissal will be entered accordingly.*