ESTATE OF CHARLES SCHMALSTIG, DECEASED, JULIUS M. SCHMALSTIG AND CHARLES F. BLUM, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103584. Promulgated January 28, 1941.

*Murray Seasongood, Esq., Harry Stickney, Esq.,* and *Bert H. Long, Esq.,* for the petitioners.

*E. M. Woolf, Esq.,* for the respondent.

#### OPINION.

MELLOTT: Respondent has filed a motion to dismiss the instant proceeding for lack of jurisdiction. Petitioner insists that the motion should be denied. After oral argument the parties were given leave to file briefs in support of their contentions and have done so.

The petition alleges that the petitioners are the duly qualified, appointed, and acting executors of the estate of Charles Schmalstig, who died August 4, 1935, a resident of Cincinnati, Ohio, leaving an estate of approximately $2,000,000; that they filed an estate tax return for the estate of the decedent with the collector of internal revenue at Cincinnati on or about July 30, 1936, paying the tax shown to be due thereon, aggregating $350,139.92, in installments, between July 30, 1936, and January 9, 1937; that in computing the amount of the tax certain deductions to which they were entitled were inadvertently not taken into consideration; and that there is an overpayment of estate taxes in the sum of $34,817.44.

It is further alleged that under date of June 3, 1939, and within three years from the payment of the estate taxes petitioners filed a claim for refund in the amount set out above. Attached to the petition and marked Exhibit A is a letter which it is alleged constitutes a "notice of deficiency" and which appears to have been mailed to the petitioners on April 2, 1940, by registered mail. The letter is as follows:

TREASURY DEPARTMENT

Washington

Office of Commissioner              Apr. 2, 1940
of Internal Revenue
MT–ET–3029–1st Ohio
Estate of Charles Schmalstig
Date of death—August 4, 1935
Julius M. Schmalstig, et al., Executors
    1727 Northcutt Ave.
        Cincinnati, Ohio
Gentlemen:

Reference is made to the claim filed by you on June 3, 1939, for refund of $34,817.44, Federal estate tax paid under the Revenue Act of 1934.

The claim is based on the contention that additional amounts should be allowed as deductions from the decedent's gross estate. An examination of the evidence at hand shows a deficiency of $4,034.76, computed as follows:

DEDUCTIONS.

|  | Returned | Determined | Adjusted |
|---|---|---|---|
| Miscellaneous Administration Expenses: |  |  |  |
|    Item 1 | $300. 00 | $0. 00 | $494. 07 |
| Executors' commissions | 40, 747. 46 | 40, 747. 46 | 42, 733. 00 |
| Attorneys' fees | 20, 373. 73 | 20, 373. 73 | 42, 500. 00 |
| Debts of decedent: |  |  |  |
|    Item 8 | 75. 00 | 0. 00 | 75. 00 |
| Charitable, public, and similar gifts and |  |  |  |
|    bequests | 2, 600. 00 | 0. 00 | 2, 600. 00 |

## SUMMARY

| | |
|---|---:|
| Gross estate | $2,032,147.69 |
| Deductions, 1926 Act | 208,160.61 |
| Net estate, 1926 Act | $1,823,987.08 |
| Net estate, 1932 Act | $1,873,987.08 |
| Gross tax, 1926 Act _____ $117,658.84 | |
| Credit for State estate, inheritance, legacy, or succession taxes _____ 83,361.31 | |
| Net tax, 1926 Act | $34,297.53 |
| Total gross taxes, 1926 and 1932 Acts _____ $437,535.99 | |
| Gross tax, 1926 Act _____ 117,658.84 | |
| Additional tax | $319,877.15 |
| Total net tax | $354,174.68 |
| Amount assessed on return | 350,139.92 |
| Deficiency | ·$4,034.76 |

The amount of the additional deductions allowed in connection with the several items, as indicated in the above set-up, is offset by the reduction in the amount previously allowed as a credit for State estate, inheritance, legacy, or succession taxes, by reason of refunds made by the State out of the amounts previously paid. The deficiency of $4,034.76 has not been assessed. Inasmuch as there is no overassessment of tax, the claim for refund filed by you on June 3, 1939, is rejected in its entirety.

Respectfully,

GUY T. HELVERING,
*Commissioner,*

By:

[Signed]   ADELBERT CHRISTY
ADELBERT CHRISTY,
*Acting Deputy Commissioner.*

The petition was filed with the Board under date of June 24, 1940, and within due time thereafter the motion to dismiss was filed.

The sole issue is: Is the letter a notice of deficiency? The applicable statutes are section 307 of the Revenue Act of 1926 and section 308 (a) of the same act as amended by section 501 of the Revenue Act of 1934.[1] (See also sections 870 and 871, Internal Revenue Code.)

[1] SEC. 307. As used in this title in respect of a tax imposed by this title the term "deficiency" means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the executor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax; or

(2) If no amount is shown as the tax by the executor upon his return, or if no return is made by the executor, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amount previously

Petitioners contend that the form of the notice is immaterial; that the letter clearly shows that the Commissioner determined a deficiency in tax; that he obviously intended the letter to be a "notice of such deficiency"; and that the Board has jurisdiction to redetermine the deficiency. They cite the following cases: *Fanny Newman*, 6 B. T. A. 373; *Austin Co.*, 8 B. T. A. 628; affd., 35 Fed. (2d) 910; certiorari denied, 281 U. S. 735; *Commissioner* v. *Leasing & Building Co.*, 46 Fed. (2d) 2; *Oswego Falls Corporation*, 26 B. T. A. 60; affd., 71 Fed. (2d) 673; *McDonnell* v. *United States*, 59 Fed. (2d) 290; *United States* v. *Chemical Foundation*, 272 U. S. 1; *Ventura Consolidated Oil Fields* v. *Rogan*, 86 Fed. (2d) 149; certiorari denied, 300 U. S. 672; and *Gebelein, Inc.*, 37 B. T. A. 605.

In the *Newman* case the letter stated: "In view of the decision of the United States Supreme Court [in a cited case] * * * the Bureau *has redetermined* the tax in this estate * * *." (Italics ours.) It was pointed out in the opinion that the language employed in the notice was "most specific in terms" and indicated that the Department proposed to collect a tax on the theory that the entire value of the community property must be included in the decedent's gross estate. *Austin Co.* involved primarily the power of the Commissioner to determine a deficiency after the tax had been paid, a portion of it had been refunded, and subsequent investigation convinced the Commissioner that he had refunded more than should have been refunded. In that case it was plain that the Commissioner was endeavoring to collect an additional tax. The *Leasing & Building Co.* case merely applied to a waiver prepared by the Commissioner the general rule of law that doubt resulting from the use of

assessed, or collected without assessment, shall first be decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax.

SEC. 308. (a) If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 312 or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the executor, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

SEC. 501. PERIOD FOR PETITION TO BOARD UNDER PRIOR ACTS.

Section 274 (a) of the Revenue Act of 1926, section 308 (a) of the Revenue Act of 1926, section 513 (a) of the Revenue Act of 1932, and section 272 (a) of the Revenue Act of 1928 and the Revenue Act of 1932 (relating to the period during which a taxpayer may petition the Board of Tax Appeals for redetermination of a deficiency), are amended by striking out "60 days" and inserting in lieu thereof "90 days"; by striking out "not counting Sunday as the sixtieth day" and inserting in lieu thereof "not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day"; and by striking out "60-day" and inserting in lieu thereof "90-day". The amendments made by this section shall apply only in respect of notices mailed after 30 days after the date of the enactment of this Act.

ambiguous language is to be resolved against the one responsible for its use. In *Oswego Falls Corporation* the Board declined to hold that it is necessary for the Commissioner personally to sign a notice of deficiency. In the *McDonnell* case the Court of Claims held that the facts before it showed the "Commissioner fully complied with the requirements of section 274 (of the Revenue Act of 1926.)." It was pointed out that he had given the taxpayer notice of a proposed deficiency, allowing him thirty days in which to file a protest; that protest had been filed, setting forth that the tax was $4,386.15 instead of $4,549.03 as proposed in the thirty-day letter; that the protest had been considered and allowed and thereafter "the Commissioner sent the plaintiff a written notice of his final determination of a deficiency for 1917 in the amount of $4,386.15"; and that the Commissioner was not required specifically to advise the taxpayer of his right to institute a proceeding before the Board.

*United States* v. *Chemical Foundation, supra,* is relied upon by petitioners as justifying a presumption that the Commissioner has performed his duty by mailing a statutory notice of deficiency before the claim for additional tax should become barred by the statute of limitations. *Gebelein, Inc.,* merely holds that a notice not sent by registered mail may not be regarded as an authorized notice of deficiency. See also *William M. Greve,* 37 B. T. A. 450.

In *Ventura Consolidated Oil Fields* v. *Rogan, supra,* the court referred to some of the well established rules applicable to a statutory notice of deficiency—that the deficiency letter (notice) need be in no particular form; that it suffices to authorize an assessment after 60 days (now 90 days) if it fairly advises the taxpayer that the Commissioner has determined a deficiency; and that it need not notify the taxpayer of his right to appeal to the Board, since he is presumed to know that. Nevertheless the court held that the letter which the Commissioner had sent to the taxpayer in that case, even though it contained "the necessary elements of a deficiency as required by * * * [the cases cited earlier in its opinion]", was not a valid notice of deficiency, not because of what it lacked, but because of the additional matter it included. It was pointed out that the letter "* * * was coupled with a blank form closing agreement for a final settlement of tax liability, and was expressly sent only in reference to such closing agreement and in reference to the conference had earlier between representatives of the taxpayer and the government. It was, in substance, only an invitation to the taxpayer to offer to compromise the disputed taxes in an agreed determination to be made the basis of a settlement."

Petitioners' first contention is correct. The form of the notice is immaterial. It need not advise the taxpayer of his right to in-

voke the jurisdiction of this Board, though it usually does do so; and it is sufficient if it fairly advises the taxpayer that there is a deficiency in respect of the tax. Nothing short of such a notice (*Cornelius Cotton Mills*, 4 B. T. A. 255; *Will County Title Co.*, 38 B. T. A. 1396), sent by registered mail (*Gebelein, Inc., supra*, and *William M. Greve, supra*) gives a taxpayer the right to petition this Board for a redetermination of the deficiency. A thirty-day letter does not do so (*Frost Superior Fence Co.*, 1 B. T. A. 1096; *Mohawk Glove Corporation*, 2 B. T. A. 1247; *Fidelity Title & Trust Co. et al., Executors*, 10 B. T. A. 482; affd., 64 Fed. (2d) 52) nor does a preliminary letter from the Income Tax Unit of the Bureau (*Fidelity Insurance Agency*, 1 B. T. A. 86) or from the collector. (*Franklin H. Moyer*, 1 B. T. A. 75; *Roy Nichols*, 14 B. T. A. 1347; *American Bag Co.*, 16 B. T. A. 774.) But the sufficiency of the notice must be determined from the language used. It is idle to speculate that the Commissioner must have intended to give petitioners a notice of deficiency before the bar of the statute had fallen. Nor is there such ambiguity in the language of the letter, as will be pointed out later, that it should be construed to be a notice of deficiency under the rule of *Commissioner* v. *Leasing & Building Co., supra*.

*Ventura Consolidated Oil Fields* v. *Rogan, supra*, though referring to the rule that an ambiguous document is to be "construed against the draftsman", really supports respondent's position more than petitioners'. It seems to hold that a deficiency notice under the statute should be no more and no less than a notice that the Commissioner has determined the taxpayer has an additional tax liability, which is to be made the basis of an assessment in the manner prescribed by law. The Supreme Court denied certiorari, 300 U. S. 672, and the case has been cited with approval in *Lehigh Portland Cement Co.* v. *United States* (Ct. Cls.), 30 Fed. Supp. 217, and in *United States* v. *National City Bank of New York*, 32 Fed. Supp. 890. The Circuit Court of Appeals for the Seventh Circuit expressed somewhat the same view in *Tyson* v. *Commissioner*, 66 Fed. (2d) 160, in which, it will be noted, substantially the same form of letter was used as that now before us, including a similar computation.

We do not agree with petitioners' contention that the Commissioner intended the letter set out above to be, or that it was, a statutory notice of deficiency. It begins by making reference to the claim filed by petitioners on June 3, 1939, for refund of Federal estate tax paid under the Revenue Act of 1934. It concludes by rejecting, in its entirety, "the claim for refund filed by you on June 3, 1939." This clearly indicates that the claim for refund was the subject of the letter and the disallowance of such claim—no more and no less—was its object. The fact that it contained a computation showing, as one of the reasons for disallowing the claim for

refund, an underpayment of tax characterized as a "deficiency", does not change it from a notice of rejection of a claim for refund to a notice of deficiency in tax. Cf. *Tyson* v. *Commissioner, supra; J. M. Richardson Lyeth, Jr.,* 41 B. T. A. 186.

Petitioners make a point of the fact that the letter was sent by registered mail—one of the essentials for a valid notice of deficiency, which will start the running of the statute of limitations. *Gebelein, Inc., supra; Tyson* v. *Commissioner, supra.* In this connection it is appropriate to point out that under section 3772 of the Internal Revenue Code no suit for refund shall be begun "after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates." The Commissioner apparently had this statute in mind when he mailed the letter to petitioners rejecting their claim for refund "in its entirety." In any event, the mere use of a registered letter does not necessarily support petitioners' contention that the Commissioner intended it to be a notice of deficiency.

Being of the opinion that no notice of deficiency has been sent to petitioners, the motion must be, and it is, granted and the proceeding is

*Dismissed.*

Reviewed by the Board.