SAINT PAUL BOTTLING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88161. Filed September 30, 1960.

*W. B. Riley, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner mailed a deficiency notice on April 26, 1960, addressed to Saint Paul Bottling Company, the first paragraph of which is as follows:

You are advised that the determination of your income tax liability for the taxable years ended December 31, 1952, December 31, 1953, and December 31,

1954 discloses deficiencies in tax aggregating $43,394.54 as shown in the attached statement.

He thus expressly made the statement a part of the notice.

A 7-page statement was attached to that notice in which it clearly appears that the deficiencies were intended to be determined as follows:

| Year | Deficiency |
|------|------------|
| 1956 | $10,119.75 |
| 1957 | 18,698.36 |
| 1958 | 14,576.43 |
| Total | 43,394.54 |

A petition was filed based upon that notice and in the petition it is stated that the Commissioner had determined the deficiencies for the years 1956, 1957, and 1958. The fact that the Commissioner had mentioned the years 1952, 1953, and 1954 in the notice is ignored in the petition.

The Commissioner filed a motion on August 29, 1960, to dismiss this proceeding for lack of jurisdiction on the ground that the deficiency notice determined deficiencies for the years 1952, 1953, and 1954 whereas the petition filed contests alleged deficiencies only for the years 1956, 1957, and 1958. The motion was set for hearing on September 21, 1960, at which time counsel for the Commissioner argued his motion and the Court had before it the petitioner's objections to the motion and also its "Motion for Order Declaring Additional Notice Null and Void."

Both parties now recognize and concede that the mention of the years 1952, 1953, and 1954 in the deficiency notice, a copy of which is attached to the petition, was in error and that the Commissioner intended by that notice and the statement attached, to determine the deficiencies for 1956, 1957, and 1958. They also recognize that the Commissioner did not intend to determine deficiencies for the years 1952, 1953, and 1954 in that notice. The petitioner in its objection to the motion to dismiss for lack of jurisdiction insists that it was not misled by the inconsistency between the first page and the statement which together made up the deficiency notice.

Counsel for the Commissioner stated at the hearing on his motion, and it also appears from the objection and motion filed by the petitioner, that the Commissioner mailed a second notice on August 5, 1960, which is identical with that mailed on April 26, 1960, except that in the first paragraph it mentions the correct years 1956, 1957, and 1958 instead of the incorrect years 1952, 1953, and 1954 mentioned in the notice of April 26, 1960. The Commissioner thus was attempting to correct the error in the original notice. The petitioner

argues that the first notice was adequate and the Commissioner has no right to issue a second notice. The error was apparently typographical and all reliance upon it has been waived by the petitioner.

There is no occasion at this time to declare null and void the second notice mailed August 5, 1960, since it is not used as a basis for this proceeding or any other now before this Court and therefore the Tax Court does not appear to have any jurisdiction with respect to it.

The Court is of the opinion that under all of the circumstances disclosed in this proceeding it is proper to ignore the error in the notice of deficiency mailed April 26, 1960, and to regard that as a proper notice of deficiency for the purpose of this proceeding. Cf. *Wilkens and Lange*, 9 B.T.A. 1127.

The motion of the Commissioner filed August 29, 1960, to dismiss for lack of jurisdiction has been denied.