GLENN E. STEVENSON AND CHERIE FENSKE STEVENSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3464-68.   Filed March 12, 1969.

*Donald W. Geerheart,* for the respondent.

OPINION

DRENNEN, *Judge:* On May 3, 1968, respondent mailed a joint notice of deficiency to petitioners wherein deficiencies were determined in petitioners' income tax and additions to tax for the years 1961 and 1962.

On October 31, 1967, petitioner Cherie Fenske Stevenson filed a voluntary petition in bankruptcy in the U.S. District Court for the Western District of Missouri. On December 26, 1967, Cherie Fenske Stevenson was granted a discharge in that bankruptcy proceeding and the proceeding was closed and terminated on January 24, 1968.

On July 8, 1968, petitioner Glenn E. Stevenson filed a voluntary petition in bankruptcy in the U.S. District Court for the Western District of Missouri. On September 3, 1968, Glenn E. Stevenson was granted a discharge in that bankruptcy proceeding and the proceeding was closed and terminated on September 4, 1968.[1]

On July 11, 1968, petitioners filed a joint petition for redetermination of the deficiencies in their income taxes and additions to tax for the years 1961 and 1962.

On August 29, 1968, respondent filed a motion to dismiss the petition for lack of jurisdiction on the grounds that the petition was filed in this case after both petitioners had been adjudicated bankrupt, relying on the provisions of section 6871(b) of the Internal Revenue Code of 1954. A hearing on the motion was originally set for October 2, 1968. Petitioners filed no objection to respondent's motion to dismiss

---

[1] Both of the bankruptcy proceedings appear to have been closed prior to the expiration of the 6 months within which creditors would have the right to file claims under the bankruptcy law.

and did not appear at the hearing.[2] However, respondent requested and was granted permission to file a memorandum in support of his position and to argue the motion orally because he considered the matter to be of importance and wanted the Court to reconsider its recent rulings in *Pearl A. Orenduff*, 49 T.C. 329, and *John V. Prather*, 50 T.C. 445. Respondent's memorandum was filed and further oral argument by respondent was heard on January 15, 1969, after which the Court took the motion under advisement.

Respondent has not assessed the taxes or additions to tax here involved and did not file a claim for those taxes and additions to tax in either of the above-mentioned bankruptcy proceedings.

On the authority of, and for the reasons stated in both the majority and concurring opinions in, *Samuel J. King*, 51 T.C. 851 (1969), and the opinion in *Pearl A. Orenduff*, *supra*, which cases we consider to be controlling here, respondent's motion to dismiss is denied.

*An appropriate order will be entered.*

---

[2] The statute of limitations was raised as a defense for both years in the petition, but that issue is not before us at this stage of the proceedings; nor is the applicability of sec. 35 of the Bankruptcy Act, as amended by Pub. L. 89–496 (July 5, 1966), 11 U.S.C. sec. 35.