NATHAN LERER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

*Docket No. 4056–68. Filed June 2, 1969.*

*Martin D. Cohen*, for the petitioner.
*William M. Gross*, for the respondent.

OPINION

SCOTT, *Judge:* On November 25, 1968, respondent filed a motion to dismiss the above-entitled case for lack of jurisdiction on the ground that no statutory notice of deficiency authorized by section 6212, I.R.C. 1954,[1] and required by section 6213(a) to form the basis for an appeal to this Court has been sent to petitioner with respect to the taxable

---

[1] All references are to the Internal Revenue Code of 1954.

years alleged to be in issue in the petition filed in this case. Respondent in his motion stated that the alleged notice of deficiency dated March 27, 1968, was in fact a "Form 7900 Letter" which is merely a notification that an assessment has been made pursuant to section 6871.

Petitioner on February 4, 1969, filed objections to respondent's motion to dismiss, stating that the Form 7900 notice issued on March 27, 1968, was in substance a notice of deficiency in petitioner's income tax for the calendar years 1963, 1964, and 1965. Petitioner states that when he filed a petition with this Court on August 26, 1968, alleging error in the determination for those years made by respondent in the letter of March 27, 1968, this Court acquired jurisdiction to redetermine petitioner's income tax for the years placed in issue.[2] Petitioner states that since respondent had not filed a claim in accordance with section 57(n) of the Bankruptcy Act (11 U.S.C. sec. 93(n)) when the petition in this case was filed, he had no available means of litigating the propriety of respondent's determination prior to payment of the tax except by a petition filed with this Court.

The issue presented by respondent's motion was limited to whether a statutory notice of deficiency as required by section 6213(a) had been issued to petitioner. However, in oral argument and on brief respondent contends that this Court lacks jurisdiction over deficiencies and additions to taxes for negligence for the years here in issue since prior to the mailing of the letter and the filing of the petition in this case, petitioner was adjudicated a bankrupt.

Nathan Lerer, the petitioner in this case, is an individual whose legal residence at the time the petition was filed was Freeport, Bahamas. He has resided in the Bahamas since sometime prior to April 15, 1968. For the taxable years 1963, 1964, and 1965 petitioner and his wife, JoAnn Lerer, filed joint Federal income tax returns with the district director of internal revenue, Newark, N.J.

On October 13, 1966, petitioner filed a voluntary petition in bankruptcy in the U.S. District Court for the District of New Jersey. The matter was docketed as No. B1329–66 and assigned to a referee in bankruptcy. The petition in bankruptcy filed by the petitioner in this case disclosed total assets of $250 and total debts of $367,047.38.

On October 19, 1966, the referee issued a notice of first meeting of creditors and notice of order fixing time for filing of objections to discharge. On October 24, 1966, the district director of internal revenue, Newark, N.J., received a copy of this notice. In accordance with section 57(n) of the Bankruptcy Act (11 U.S.C. sec. 93(n)), the referee

[2] There is no question in this case of late filing of the petition. Petitioner alleges and respondent admits that if this Court otherwise has jurisdiction in this case, the 150-day rule applies because of petitioner's absence from the country at the time the letter referred to in this case was mailed and the petition was filed and for sometime prior thereto.

issued an order under date of October 14, 1966, allowing petitioner's creditors until May 1, 1967, within which time to file claims against petitioner's bankrupt estate. On November 1, 1966, at the first meeting of creditors, the referee appointed John J. McLaughlin as trustee of petitioner's estate in the bankruptcy proceeding.

Up to and including May 1, 1967, 10 creditors had filed proofs of claims in petitioner's bankruptcy proceeding, the total amount of such claims being $43,680.77. At the date of the oral argument in this case the trustee in bankruptcy had taken no action to contest the validity of any of these claims.

Prior to February 27, 1969, respondent had filed no proof of claim in the bankruptcy proceeding of petitioner. Respondent did not within the 6 months' statutory period provided by section 57(n) of the Bankruptcy Act apply for an extension of time to file a claim. On February 27, 1969, respondent filed a proof of claim. This proof of claim was for taxes and additions to taxes for the calendar years 1963, 1964, and 1965 which were shown to be subject to a lien which arose April 5, 1968. The claim contained, following the listing of the taxes claimed, the following statement:

This claim is filed pursuant to section 57(n) of the Bankruptcy Act in order that the Government may be entitled to distribution against the surplus remaining after all other timely filed allowed claims have been paid in full.

At the date of the oral argument in this case no claims other than those of the 10 creditors totaling $43,680.77 and the Government's claim for taxes filed on February 27, 1969, had been filed in petitioner's bankruptcy proceeding.

On February 14, 1967, John J. McLaughlin, the trustee appointed for the bankruptcy estate of petitioner, filed Specifications of Objections to Discharge in petitioner's bankruptcy proceeding. Hearing on the objections to discharge has been adjourned from time to time and no determination had been made in the matter at the time of the oral argument in this case.

On April 5, 1968, respondent mailed a notice of deficiency to petitioner's wife, JoAnn Lerer, asserting deficiencies and additions to tax for negligence for the calendar years 1963, 1964, and 1965. JoAnn Lerer has since filed a timely petition with this Court which is presently pending at docket No. 4057-68.

On March 27, 1968, respondent sent by ordinary mail addressed as hereinafter set forth a letter which contained in the upper right-hand corner under the printed words, "In reply refer to:" the following: "AU  CC  90" FORM 7900." The deletion which was made prior to the mailing of the letter was of the symbols "AU  CC  90" which are those that usually appear on respondent's statutory notices of deficiency. The letter bearing the notation, "In reply refer to: AU  CC  90

Form 7900" was addressed on the right-hand side beneath this reference and the date, "March 27, 1968," as follows:

> MR. NATHAN LERER, BANKRUPT
> % MR. JOHN J. McLAUGHLIN TRUSTEE
> *11 Commerce Street*
> *Newark, New Jersey*

The letter including the salutation reads as follows:

DEAR MR. McLAUGHLIN:

You are advised that the determination of the income tax liabilities of Nathan Lerer, bankrupt, 10 Briarcliff Road, Upper Saddle River, New Jersey discloses deficiencies for the taxable years ended December 31, 1963, December 31, 1964 and December 31, 1965 in the aggregate amount of $55,512.28 and negligence addition to tax under Code section 6653(a) in the aggregate amount of $2,775.62. The attached statement shows the computation of the deficiencies and additions to tax.

The deficiency in tax is being assessed against you under the provisions of existing internal revenue laws applicable to bankruptcies and receiverships. Accordingly, no petition for redetermination may be filed with the Tax Court of the United States after the adjudication of bankruptcy or the appointment of a receiver.

Attention is called to the rights and priorities of the United States under section 64(a) or other applicable provisions of the Bankruptcy Act and under section 3466 of the Revised Statutes (31 U.S.C. 191). Section 3467, Revised Statutes (31 U.S.C. 192), imposes personal liability upon every executor, administrator, assignee, or other person who, in paying debts of the person or estate for whom or for which he acts, fails to observe the priority in payment prescribed by law in favor of the United States.

Very truly yours,

> SHELDON S. COHEN, *Commissioner*
> By JOSEPH M. SHATZ, *District Director.*

Enclosure: Statement

Exhibit "A"

The statement attached to the letter of March 27, 1968, bears in the upper right-hand corner the notation, "Form 7900." It is addressed, "Mr. Nathan Lerer (Bankrupt), c/o Mr. John J. McLaughlin, Trustee," at the same address as that appearing on the letter, itself. The tax liabilities shown in the statement attached to the Form 7900 letter are identical to the liabilities detailed in the statement attached to the notice of deficiency mailed to petitioner's wife, JoAnn Lerer.

We will first consider whether any statutory notice of deficiency as authorized by section 6212 and required by section 6213(a) in order for this Court to obtain jurisdiction as to a taxpayer's tax liability for any taxable year was issued by respondent to this petitioner with respect to the taxable years 1963, 1964, and 1965. If no statutory notice of deficiency has been issued, we do not reach the question raised at the oral argument and on brief of whether we lack

jurisdiction in this case because of the provisions of section 6871. See *Theodore Stanfield, et al.*, 8 B.T.A. 787, 819 (1927).

Section 6212 provides that if the Secretary or his delegate determines that there is a deficiency in respect of any tax, he is authorized to send notice of such deficiency "to the taxpayers."[3] Section 6213 provides that within 90 days, or 150 days if the notice "is addressed to a person outside the States of the Union and the District of Columbia," after the notice of deficiency authorized in section 6212 is mailed, "the taxpayer may file a petition with the Tax Court" for a redetermination of the deficiency. It will be noted that the statute requires that the notice be mailed "to the taxpayer." Sec. 6212(b)(1). For this Court to obtain jurisdiction the letter upon which the petition is based must be mailed to the taxpayer petitioning this Court. *Rorschach* v. *Commissioner*, 341 F. 2d 567 (C.A. 10, 1965), affirming a Memorandum Opinion of this Court. The notice in the instant case begins "Dear Mr. McLaughlin." McLaughlin is the trustee in bankruptcy of the bankrupt estate of Nathan Lerer. Above the salutation to McLaughlin is the address, "Mr. Nathan Lerer, Bankrupt, c/o Mr. John J. McLaughlin, Trustee." It is therefore apparent that the letter in the instant case was sent to the trustee in bankruptcy and not to Nathan Lerer as an individual. However, it is Nathan Lerer in his individual capacity who has filed the petition. The fact that the notice was not addressed or mailed to Nathan Lerer as an individual raises a question as to our jurisdiction based on a petition filed by Nathan Lerer, as an individual. Cf. *Charles M. Howell, Administrator*, 21 B.T.A. 757, 780 (1930). However, we need not base our conclusion in this case primarily on whether the notice was mailed to the petitioner since there are further indications in the letter that it is not a statutory notice of deficiency. The first paragraph refers to advice to the trustee of the income tax liabilities of Nathan Lerer, bankrupt, disclosing deficiencies. The second paragraph gives advice that the deficiencies in tax are being assessed under existing internal revenue

---

[3] SEC. 6212(a). IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A or chapter 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

(2) JOINT INCOME TAX RETURN.—In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

laws applicable to bankruptcies and receiverships, and the final paragraph calls attention to the rights and priorities of the United States under the provisions of the Bankruptcy Act. That the letter here was not intended to be a notice of deficiency to the petitioner in this case is indicated not only by its address and content but also by its symbol reference. The symbols ordinarily used on a statutory notice of deficiency are stricken out and reference is made to Form 7900 which appears to be the form of notification to a bankrupt or a trustee in bankruptcy of the assessment of or proposal to assess deficiencies in tax. Section 301.6871(b)–1(c), Proced. & Admin. Regs.,[4] specifically provides for such a letter.

Petitioner argues that mistakes in a notice of deficiency do not invalidate the notice if it conveys to the taxpayer the necessary information that a deficiency has been determined against him. Petitioner further calls attention to cases which have held that the mailing of a notice by ordinary mail as distinguished from registered or certified mail does not render the notice invalid where it is actually received by the taxpayer to whom it is addressed. Petitioner states that the defect, if it be one, of failure to send the notice by registered or certified mail may be waived by a taxpayer by the filing of a timely petition. It is unnecessary to discuss in detail the various cases cited by petitioner in support of these arguments. All of them deal with situations where the Commissioner intended the notice as a statutory notice of deficiency but the notice contained some obvious error. Typical of this type of case is *Saint Paul Bottling Co.*, 34 T.C. 1137 (1960), where the notice of deficiency referred to the years 1952, 1953, and 1954, but the statement attached referred to the years 1956, 1957, and 1958. The petition in that case referred to the proper years of 1956, 1957, and 1958. It was clear that the error had not caused difficulty to the taxpayer in that case. Numerous other cases dealing with minor errors in a notice of deficiency or in the address of the taxpayer hold that there is no specific form in which a notice of deficiency must be issued. These cases hold that minor errors as to address or year or other matters do not cause a notice to be invalid when it is clear that the notice was intended by respondent as a notice of deficiency to the taxpayer and that the taxpayer was not misled by any error in the notice.

---

[4] SEC. 301.6871(b)–1(c). While a district director is required by section 6871(a) and paragraph (a) of sec. 301.6871(a)–1 to make immediate assessment of any deficiency, such assessment is not made as a jeopardy assessment within the meaning of section 6861, and consequently the provisions of that section do not apply to any assessment made under section 6871. Therefore, the notice of deficiency provided in section 6861(b) will not be mailed. Although such notice will not be issued, a letter will be sent to the taxpayer or to the trustee, receiver, debtor in possession, or other like fiduciary, notifying him in detail how the deficiency was computed, that he may furnish evidence showing wherein the deficiency is incorrect, * * *

For instance, in the case of *Estate of Lawrence E. Berry*, 41 T.C. 702 (1964), we held that the fact that the notice was addressed to Estate of Lawrence E. Berry when Lawrence E. Berry had died 3 months prior to the date the notice was mailed did not cause the notice to be invalid where the respondent had no notice of the appointment of a fiduciary for the estate. We pointed out that clearly a notice addressed to Lawrence E. Berry, absent any notice to the Commissioner of the appointment of a fiduciary, would be valid under the statute, and relying on *Charles M. Howell, Administrator, supra*, held that the addition of the words, "Estate of" before the name of Lawrence E. Berry did not mislead the surviving wife who received the notice and filed the petition. Likewise, in *Estate of John T. Eversole*, 39 T.C. 1113 (1963), we held that a letter addressed to "Estate of John T. Eversole, deceased, Ina G. Eversole, Administrator, and Mrs. Ina G. Eversole, Surviving Spouse," was sufficient as a notice to Ina G. Eversole as an individual. We pointed out that respondent is permitted where a joint return is filed to send one notice to husband and wife and further pointed out that Ina G. Eversole was in no way misled by the words, "Surviving Spouse" following her name and in fact that these words were merely descriptive.

The instant case is not comparable to the cases of minor errors which have been held not to invalidate notices of deficiency. In this case it is clear that respondent did not intend the notice to be a notice of deficiency. Petitioner does not in fact contend to the contrary with respect to respondent's intention. Petitioner argues, however, that even though respondent did not intend the notice as a notice of deficiency, the fact that it "determines" deficiencies for the years 1963, 1964, and 1965 makes it as a matter of law a notice of deficiency. It is petitioner's contention that respondent cannot send any letter in which he advises a taxpayer of a determination of an income tax deficiency without having that letter be a statutory notice of deficiency. As we have previously pointed out, the letter here in issue advises John J. McLaughlin, the trustee, of determination of the income tax liability of Nathan Lerer, bankrupt, disclosing deficiencies for the years 1963, 1964, and 1965. We therefore do not agree with petitioner that this letter advises a taxpayer of a final determination of deficiencies in his tax unless the trustee is to be looked upon in the bankruptcy case as the taxpayer. If that is the situation, the petition in this case has been filed by the wrong person since it is not filed by the trustee. See *Estate of John T. Eversole*, 39 T.C. at 1118. However, we do not agree with petitioner that the mere statement of the determination of a deficiency per se makes the notice a notice of deficiency. In *Estate of Charles Schmalstig*, 43 B.T.A. 433 (1941), we held that a letter written to the executors of an estate advising them that their claim for refund of

estate tax had been rejected was not a statutory notice of deficiency in estate tax even though the letter did state that a deficiency in estate tax existed and showed the computation of such deficiency. The letter in that case was sent by registered mail by the Commissioner to the executors of the estate and contained the statement, "An examination of the evidence at hand shows a deficiency of $4,034.76, * * *." The letter further contained the statement, "The deficiency of $4,034.76 has not been assessed." In that case we pointed out that the taxpayer contended that the form of the notice is immaterial and that the letter clearly showed that the Commissioner had determined a deficiency in tax and that he obviously intended the letter to be a notice of deficiency thereby giving the Court jurisdiction to redetermine the deficiency. In that case we stated that we agreed with the taxpayers that the form of the notice was immaterial, that it need not advise a taxpayer of his right to invoke the jurisdiction of the Tax Court though it usually did so, and that it is sufficient if it clearly advises the taxpayer that there is a deficiency in respect of the tax. We pointed out that nothing short of such a notice gives a taxpayer the right to petition this Court for a redetermination of the deficiency. We also stated that the sufficiency of the notice must be determined from the language used. We concluded that we did not agree with the taxpayer's contention that the Commissioner intended the letter to be a statutory notice of deficiency, and since it was intended in our view as a disallowance of a claim for refund—no more and no less—it was immaterial that it referred to a "deficiency." We held that such reference did not change the letter from a notice of rejection of a claim for refund to a notice of deficiency.

The instant case more closely resembles the case of *Estate of Charles Schmalstig, supra,* than any other case to which our attention has been directed. The notice here advised the trustee that the determination of the income tax liabilities of the bankrupt disclosed deficiencies, and that the deficiencies in tax were "being assessed against you under the provisions of existing internal revenue laws applicable to bankruptcies and receiverships." It further called attention to the rights and priorities of the United States under sections of the Bankruptcy Act and contained a specific statement that no petition for redetermination might be filed with the Tax Court of the United States after the adjudication of bankruptcy or the appointment of a receiver.

Petitioner argues that because of the statement that the deficiency is being assessed "against you under the provisions of the existing internal revenue laws applicable to bankruptcies and receiverships," the notice is clearly ambiguous and therefore should be interpreted as a deficiency notice whether or not respondent intended it as such. Petitioner points out that the assessment was to be made and in fact was made, of course, against Nathan Lerer, the bankrupt, and not against

the trustee. Petitioner also argues that the statement that no petition for redetermination may be filed with the Tax Court of the United States after the adjudication of bankruptcy or the appointment of a receiver does not bar the filing of a petition if the statement to this effect is erroneous as a matter of law which petitioner contends it is.

We do note that assessment was made against Nathan Lerer and not against the trustee, but do not think the use of the words, "being assessed against you" was misleading to the trustee. We also agree with petitioner that the statement by the Commissioner that a petition may not be filed with this Court is not binding if as a matter of law the notice is one sufficient when a petition therefrom is filed to confer jurisdiction on this Court. However, the statement with respect to assessment and the fact that assessment was made within a few days after the mailing of the letter is further indication that the notice was not intended as a notice of deficiency and in fact was not a notice of deficiency but rather the notice which the Commissioner by regulation provides for giving to a bankrupt or the trustee of a bankrupt estate. See section 301.6871(b)–1(c), Proced. & Admin. Regs., which we have quoted in footnote 4, *supra*.

Petitioner further argues that our refusal to take jurisdiction of this case is useless since the liabilities here involved are involved in a case pending before this Court in a petition filed by the petitioner's wife. Petitioner's wife received a notice of deficiency determining the same liabilities as determined in the statement attached to the notice to the trustee in bankruptcy of the petitioner in this case and has petitioned this Court. It will therefore perhaps be necessary that the issues concerning the deficiencies be tried before this Court. We have consistently held that a husband and wife are separate taxpayers and that even where they file a joint return they are separately entitled to determinations of their joint tax liability. We have pointed out that a husband and wife each must file a valid petition with this Court for the Court to acquire jurisdiction with respect to each of them. *Alex H. Davison*, 13 T.C. 554 (1949). In that case we stated that even though the wife had filed a valid petition contesting respondent's assertion of deficiencies made in a joint notice of deficiency to her and her deceased husband, since no valid petition had been filed on behalf of the husband, Alex H. Davison, the petition insofar as it related to him would be dismissed. We held that the case of the wife, Irene L. Davison, only was properly before and would remain before this Court. We pointed out much of the legislative history of joint tax returns in arriving at our conclusion that a valid petition by the wife from a joint notice of deficiency confers on us no jurisdiction to redetermine the tax as to the estate of the deceased husband unless a

petition was filed by a person properly authorized to represent the deceased husband's estate. In the instant case petitioner does not specifically argue that because the wife has filed a valid petition from a valid notice of deficiency sent separately to her, we should take jurisdiction over her husband's case. However, petitioner's lengthy argument as to the virtue of saving time and duplication of trial in two courts is in substance such an argument.

Since we have concluded that no valid notice of deficiency has been sent to Nathan Lerer, the petitioner in this case, it is unnecessary for us to consider the further argument of the parties concerning whether the provisions of section 6871 cause this Court to lack jurisdiction in this case. However, we should point out that in our opinion this case differs from the various cases discussed by the parties such as *Pearl A. Orenduff*, 49 T.C. 329 (1968); *John V. Prather*, 50 T.C. 445 (1968); *Samuel J. King*, 51 T.C. 851 (1969); and *Glenn E. Stevenson*, 51 T.C. 970 (1969).

Since we have concluded that the letter which forms the basis of the petition in this case is not a notice of deficiency to petitioner of deficiencies in his income tax for the years 1963, 1964, and 1965, we lack jurisdiction in this case.

*An appropriate order will be entered.*