A.T.S., INCORPORATED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
A. T. S., Inc. v. Commissioner
Docket No. 6079-78.
United States Tax Court
T.C. Memo 1979-78; 1979 Tax Ct. Memo LEXIS 449; 38 T.C.M. (CCH) 332; T.C.M. (RIA) 79078; March 8, 1979, Filed Ray E. Franck, for the petitioner. Wayne B. Henry, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *450 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is presently before the Court on respondent's motion filed July 24, 1978 to dismiss this case for lack of jurisdiction. Section 6212(a) provides that if the Secretary or his delegate determines that there is a deficiency in any tax he is authorized to send notice of such deficiency to the taxpayer. Section 6213(a) provides that within a designated period "after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." Here, the petitioner is a small business corporation pursuant to the provisions of subchapter S. By virtue of the subchapter S elections petitioner's stockholders became directly liable for income taxes on *451 the income of the petitioner and therefore petitioner is not the "taxpayer" within the meaning of sections 6212(a) and 6213(a). Bunnel v. Commissioner,50 T.C. 837 (1968). Consequently, respondent did not mail a notice of deficiency to A.T.S., Incorporated and under these circumstances the petition herein filed cannot confer jurisdiction on this Court. Lerer v. Commissioner,52 T.C. 358 (1969). In petitioner's objection to respondent's motion to dismiss it is stated that one of its stockholders has filed a petition with this Court as a result of adjustments made by the respondent at the corporate level (Charles H. Wooster, Jr., and Joanne Wooster, Docket No. 6080-78). Since, as indicated above, we do not have jurisdiction over A.T.S., Incorporated we cannot grant petitioner's request to consolidate its case with that involving the stockholders in Docket No. 6080-78. In any event, since the deficiency determined in Docket No. 6080-78 necessarily involves the adjustments made at the corporate level, the petitioners in Docket No. 6080-78 will have full opportunity to contest the merits of such adjustments. Respondent's motion to dismiss for lack *452 of jurisdiction will be granted. An appropriate order will be issued.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.