Goeke and Kerrigan, JJ., dissenting: Our primary disagreement with the opinion of the Court stems from its insistence on cutting our jurisdiction under section 7436 from whole cloth. The structure of the statute indicates that we should treat a worker classification determination as if it were a deficiency determination in an income tax case. Instead of following the statute’s mandate, the opinion of the Court applies a new approach to the jurisdictional question. We disagree with that approach and respectfully dissent. I. We believe the IRS must issue a notice of determination of worker classification to trigger our jurisdiction under section 7436. The opinion of the Court finds that section 7436 does not require the issuance of a notice of determination as a prerequisite for our jurisdiction. This conclusion is not reconcilable with section 7436(d), which provides the following directive. SEC. 7436(d). Special Rules.— (1) Restrictions on assessment and collection pending action, ETC. — The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under this section in the same manner as if the Secretary’s determination described in subsection (a) were a notice of deficiency. This paragraph references the analogous procedural sections that prevent the IRS from assessing and collecting income tax deficiencies unless and until it sends proper notice to the taxpayer. These restrictions and deadlines simply do not work without a notice of determination requirement. We acknowledge that the statute does not explicitly reference section 6212, which contains the notice of deficiency provisions, but we think the statute incorporates its principles nonetheless. The statute directs us to apply the restrictions “in the same manner as if the Secretary’s determination * * * were a notice of deficiency.” We think this means that a notice of determination should set the restriction deadlines under section 7436 just as a notice of deficiency sets the restriction deadlines for income tax assessment and collection. Section 6213(a) prevents the IRS from assessing and collecting tax before it has sent a notice of deficiency. It also provides the taxpayer 90 days from the notice of deficiency date to petition the Tax Court. Would the undisclosed section 7436 determination the Court found here have allowed the IRS to assess after 90 days in the absence of a petition? Section 6503(a) provides that a notice of deficiency suspends the running of the period of limitations for the IRS to assess and collect. Would a determination the IRS had not disclosed to a taxpayer have the same effect? Section 7436(b) provides that a taxpayer must file a petition within 90 days of a notice of determination if the IRS sent it by certified mail. If the April 15, 2011, letter had been sent by certified mail, would it have triggered that deadline even though it did not purport to be a determination? The opinion of the Court raises all these questions but dismisses them. In note 11, the opinion of the Court points out that under section 7436(b) the 90-day window to file a petition begins only after the IRS has sent notice of its determination by certified or registered mail. According to the opinion of the Court, this means that the 90-day period will not begin “if the IRS does not send a letter by certified or registered mail including clear notice that the IRS has made a determination of worker classification”. See op. Ct. note 11 (emphasis added). Although the plain language of section 7436(b) requires only “notice”, the opinion of the Court reads a “clear notice” requirement into the statute in responding to our questions. In so doing, the opinion reinforces our point. By requiring clear notice, we can avoid the administrative problems we discussed above. If we accept jurisdiction in the absence of clear notice, as the Court has in this very case, the administrative problems return. Here the IRS failed to send clear notice; instead, it sent an ambiguous letter that neither party believed was a notice. Nevertheless, the Court finds that the letter provided notice of a determination. Thus, if the IRS had sent the letter by certified mail, the Court presumably would have found that it triggered the 90-day period. Would the Court have decided not to recharacterize the letter if the IRS had used certified mail? The Court’s approach also creates an open-ended period to file a petition, which has no touchstone in the deficiency procedures. The Court ignores the possibilities for abuse that an unlimited period to bring action will create. We should avoid these and other problems by simply recognizing that only a clear notice of determination can trigger our jurisdiction under section 7436. II. The opinion of the Court holds that a “determination” triggers our jurisdiction, but it uses the word “determination” to refer to two different events. The opinion of the Court concludes that our jurisdiction turns on whether the IRS has made a “determination”, but it is not clear what the Court thinks a “determination” is. The opinion of the Court identifies the issue here as “whether we have jurisdiction to determine whether respondent’s worker classification determination was correct.” See op. Ct. p. 226 (emphasis added). The opinion of the Court’s first holding is “the April 15, 2011, letter was a determination” relating to the classification of P’s workers for employment tax purposes. See id. p. 232 (emphasis added). These two excerpts demonstrate the opinion’s dual use of the word “determination”. In the first, it refers to the IRS decision regarding worker classification. In the second, it refers to the letter that communicated that decision. Which of these things does the Court believe triggers our jurisdiction? If it is the first, the administrative problems we described above return. See supra pp. 242-244. How could we enforce time limits for filing against taxpayers who were unaware the Commissioner had made a decision? If it is the second, we think the opinion of the Court is confusing the terms “determination” and “notice of determination”. Semantically speaking, a letter cannot be a determination. A determination is a decision — an abstraction. A letter is tangible. A letter can communicate a determination or serve as evidence of a determination, but it cannot itself be a determination. If the letter triggered our jurisdiction, we are not sure the Court disagrees with our conclusion that notice is required. It simply chooses to call the notice of determination a “determination”. III. The April 15, 2011, letter was not a notice of determination, and consequently it did not trigger our jurisdiction. The Court finds that the April 15, 2011, letter was a determination, but we think the proper analysis is whether it was a notice of determination. To qualify as a notice of determination, we think that a letter must, at a minimum, actually provide notice of a determination. The April 15, 2011, letter did no such thing. The letter did not notify SECC that the IRS had made a determination. If it had, SECC would have simply petitioned this Court for review of that determination. Instead, SECC has petitioned us to compel the IRS to issue a notice of determination. The Commissioner used a letter reserved for closing out disputes not involving worker classification determinations. If anything, the letter notified SECC that the IRS had made no worker classification determination in deciding its case. IV. The Court should not have recharacterized the IRS correspondence with SECC. Congress has given our Court the authority to review determinations of worker classification. In creating the administrative rules governing this jurisdiction, Congress borrowed heavily from the statutes controlling income tax deficiency cases. Specifically, section 7436(d) incorporates the restrictions on assessment and collection that apply in such cases. In the light of Congress’ apparent intention to create parallel administrative regimes for notices of determination and notices of deficiency, we think we should evaluate notices of determination the same way we evaluate notices of deficiency. Suppose, after examining a taxpayer’s Federal income tax return, the IRS assessed additional income tax without following the deficiency procedures established by sections 6211-6216. Next, suppose that the IRS mailed that taxpayer a notice of the additional assessment. We would not treat that letter as a notice of deficiency, and we have found that the Court is without jurisdiction under those circumstances. See Lerer v. Commissioner, 52 T.C. 358, 363 (1969); Kane v. Commissioner, T.C. Memo. 1989-272. Now substitute the type of tax contemplated by section 7436 for the types of tax subject to the deficiency procedures referenced above. Under similar circumstances, the Court is doing exactly the opposite of what we have done with respect to taxes subject to the deficiency procedures. And to make matters worse, it is doing so in the face of express statutory language instructing us to treat worker classification determinations like notices of deficiency. In income tax deficiency cases, a notice of deficiency is the taxpayer’s ticket to our Court. If the IRS has not sent a notice of deficiency, we do not have jurisdiction over the dispute. We have, on occasion, decided whether an ambiguous letter from the IRS was a notice of deficiency that triggered our jurisdiction. In each of those cases, we relied heavily on the IRS intent in reaching our conclusion. See Lerer v. Commissioner, 52 T.C. at 363; Kane v. Commissioner, T.C. Memo. 1989-272. When the IRS sends a letter that neither purports to be nor is intended to be a notice of deficiency, we do not recharacterize the letter as a notice of deficiency. We simply dismiss the case for lack of jurisdiction. Here the IRS did not intend to send a notice of worker classification determination, and the letter it sent did not purport to be such a notice. In fact, the IRS sent a letter reserved for cases not involving worker classification determinations. We disagree with the Court’s decision to recharacterize that letter. The opinion of the Court does not dispute that the IRS did not intend the April 15, 2011, letter to be a notice of determination, [1] but it nevertheless concludes that the letter triggered our jurisdiction. Instead of citing cases involving notices of deficiency, the opinion of the Court cites a whistle-blower case and two collection due process cases in which we found that unofficial letters were notices of determination. See op. Ct. p. 231. Those cases are inapposite because they involve statutes that do not incorporate the restrictions on assessment applicable in income tax deficiency cases. In the light of Congress’ explicit instruction to treat worker classification determinations as if they were notices of deficiency, we find our notice of deficiency jurisprudence more relevant. In keeping with our notice of deficiency cases, we would find that the IRS intent is the most important factor in characterizing an ambiguous notice. The IRS did not intend the April 15, 2011, letter to be a notice of determination, and the letter did not purport to be a notice of determination. Accordingly, we would find that it did not trigger our jurisdiction under section 7436. The IRS bears the burden of providing proper notice before assessing tax. If it has made a determination, it has no reason not to notify the taxpayer. If the IRS fails to issue a timely notice, applicable statutes of limitation may bar its later assessment. Moreover, dismissing the case here would not leave the taxpayer without recourse. SECC would have the same options as a taxpayer challenging an income tax deficiency whose case had been dismissed because the IRS had not issued a notice of deficiency. It could bring a refund case attacking the invalid assessment, file for an injunction against the assessment,[2] seek an abatement under section 6404(a), or contest the assessment’s legality in a collection due process case pursuant to section 6330. V. We should not delve into the administrative record to determine whether the IRS made a determination. Congress has provided an avenue for employers to reimburse their employees for work-related expenses. A taxpayer must simply follow the accountable plan rules outlined in section 1.62-2, Income Tax Regs. The IRS initially analyzed this case as an accountable plan dispute. SECC only later argued that its workers were dual-capacity employees or independent contractors. Under the opinion of the Court’s approach, any taxpayer in an accountable plan case could make these arguments and transform its case into a worker classification dispute. We think we should permit the IRS to decide whether the taxpayer’s arguments warrant a worker classification determination. The workers at issue here performed a single task, and SECC calculated both payments on the number of hours they spent performing that task. SECC self-reported the workers as employees on its employment tax returns. The IRS could have reasonably concluded that the worker classification arguments were frivolous and did not justify a determination. Instead of permitting this result, the Court combs through the administrative record to discover whether the IRS should have issued a notice of determination. This approach sets a dangerous precedent that may require us to review the administrative record every time a taxpayer makes a worker classification argument and the IRS chooses not to issue a notice of determination. We believe we should permit the IRS to decide when its examination warrants a notice of determination. If it improperly fails to issue a notice, it will face the consequences of an invalid assessment. VI. Conclusion Section 7436 explicitly incorporates many of the rules that apply in income tax deficiency cases. In fact, the incorporated material dwarfs the original material in the statute. We believe that this structure reflects Congress’ intent to create identical schemes for our review of worker classification determinations and income tax deficiency determinations. Instead of relying on the principles that govern our income tax deficiency cases, the opinion of the Court has created a new approach to determine whether we have jurisdiction. Because we disagree with that approach, we respectfully dissent. The parties also agree that the IRS did not intend the letter to be a notice of worker classification determination. Sec. 6213(a) provides for this remedy by waiving the sec. 7421 anti-injunction provisions.